9 U.S. 187
 5 Cranch 187
 3 L.Ed. 74
 THE MARINE INSURANCE COMPANY OF ALEXANDRIA
v.
JAMES YOUNG.
 February Term, 1809
 
 ERROR to the circuit court of the district of Columbia, sitting at Alexandria, in an action of covenant, brought by the defendant in error upon a policy of insurance under the corporate seal of the plaintiffs in error.
 The point in issue, in the court below, was, whether the insured, on the 11th of December, 1800, when he wrote his order for insurance, had notice of a storm which happened at Jamaica, on the 2d of November, 1800.
 Part of the evidence offered to the jury was the deposition of David Young, a witness examined on behalf of the plaintiffs in error. Upon his cross-examination by the defendant in error, at the time of the taking of the deposition, he was asked this question, viz. 'On what day in December did you inform the plaintiff that there had been a gale of wind in Jamaica?' To which it was stated in the deposition that he answered, 'that on the 13th of December, 1800, he had informed the plaintiff (below) that there had been a strong northern in Jamaica; the circumstance which induced him to mention this, was in consequence of a very heavy gale having happened the day before, and the brig Mary, being then in Hampton Roads, which produced this remark, that he had a blowing voyage out, being compelled to throw over his guns, and that the aforesaid northern had happened when he was in St. Anne's.'
 After the jury had retired to consider of their verdict, they sent a written paper to the judges, requesting to be instructed by the court, whether the above answer of David Young would admit of any other reasonable or legal construction, than that the 13th of December, 1800, was the first information given by him to the plaintiff below of the storm of the 2d of November.
 But the court refused to give any opinion to the jury upon the construction of the answer of David Young, unless with the assent of both parties; and the counsel for the plaintiffs in error refused to assent, and took a bill of exceptions to the refusal of the court to instruct the jury, without the consent of both parties.
 The jury found a verdict for the defendant in error; and before judgment, the plaintiffs in error moved the court for a new trial, upon the ground that the verdict was contrary to evidence.
 The court having refused to grant a new trial, the counsel for the plaintiffs in error tendered a bill of exceptions, containing what they supposed to be a correct statement of all the evidence offered on the trial, consisting of depositions, and other papers, together with viva voce testimony, the substance of which they stated they had taken from their notes. But the court refused to seal the bill of exceptions, unless the counsel for the plaintiff below would agree to a statement of the evidence, the court not being satisfied that the bill of exceptions stated all the evidence offered at the trial. To this refusal of the court to seal the bill of exceptions, the counsel for the plaintiffs in error tendered another bill of exceptions, which the judges sealed.
 C. Lee and E. J. Lee, for the plaintiffs in error, contended.
 1. That the court was bound to give an opinion to the jury, upon the meaning of the witness's answer, and ought to have instructed the jury that the answer did not necessarily import that the 13th of December, 1800, was the first time that the witness mentioned to the defendant in error the storm of the 2d of November; and that if he had given him the information before that day, his answer was so vague that he could not have been convicted of perjury.
 2. That the court below ought to have signed the bill of exceptions to their refusal to grant a new trial.
 3. That the court ought to have granted a new trial, because the verdict was contrary to evidence; and,
 4. That this court, if they believe the evidence is substantially stated in the rejected bill of exceptions, ought to order a new trial.
 To support these points, they cited Co. Litt. 226. b. 295. b. 155. b. Harg. note. 1 Wash. 389. 2 Wash. 275. 9 Co. 12. b. 13. a. 3 Cranch, 298. 3 N. Y. Term Rep. 49. 2 N. Y. Term Rep. 330. Bac. Abr. 269. Hen. & Munf. Rep. 386. 1 Wash. 79. 1 Cranch, 110. 2 Cranch, 126. Laws U. S. vol. 1. p. 60. § 17. 3 Bl. Com. 375.
 Swann, contra.
 A deposition is merely parol testimony, and the jury is the proper tribunal to judge of the meaning of a witness.
 If the witness was not sufficiently explicit, the counsel for the plaintiffs in error, who were present at the examination, ought to have made the witness explain himself more fully. 2 Term Rep. 760. Lloyd v. Maund.
 The refusal to grant a new trial, upon the ground that the verdict was against evidence, is not error.
 A motion for a new trial on that ground is in the nature of a writ of error coram vobis for error in fact.
 C. Lee and E. J. Lee, in reply.
 In the case of Lloyd v. Maund, the court was not called upon to say what was the construction of the letter.
 This court is a substitute for the court of appeals of Virginia, as to the cases from Alexandria, and ought to decide as that court would decide in Virginia. By the practice of that state, it is error to refuse a new trial, if a new trial ought to have been granted. The refusal is a part of the proceedings, and appears upon the record.
 In the case of Clarke v. Russel, 3 Dal. 415. the court undertook to construe and expound a letter.
 LIVINGSTON, J. Can this court reverse for error in fact? Suppose we should be of opinion that the court below ought to have granted a new trial, is it not an error in fact?
 
 
 1
 I have another doubt. Whether it be the ground of a writ of error, if a judge gives or refuses to give an opinion on matter of fact.
 
 
 2
 A written contract, a bond, note, &c. whatever is the act of the party, is a subject for the construction of the court; but this is not the act of the party, but a mere deposition.
 
 
 3
 If the court can give the construction of depositions, they may as well try the whole cause when all the evidence consists of depositions.
 
 February 28.
 
 4
 CUSHING, J. delivered the opinion of the court as follows:
 
 
 5
 This court is of opinion that the inferior court was not bound to give a construction of the answer of Captain David Young to the second interrogatory of the plaintiff below, as requested by the jury; and that it would be improper in this court to determine whether the inferior court ought or ought not to have granted the motion of the defendants below for a new trial, upon the ground that the verdict was contrary to evidence.
 
 
 6
 The judgment below is to be affirmed with costs.