### OLEK v. FERN ROCK WOOLEN MILLS.

(Circuit Court, E. D. Pennsylvania. July 9, 1910.)

No. 684.

NEW TRIAL (§ 75*)—GROUNDS—VERDICT—ADEQUACY.

Where there was sufficient evidence to carry the case to the jury, but in the court's judgment the great weight of the evidence was against plaintiff's right to recover anything, plaintiff's motion for a new trial for inadequacy of the verdict returned in its favor will not be allowed.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 151; Dec. Dig. § 75.*]

At Law. Action by Ignatz Olek against the Fern Rock Woolen Mills. A verdict was returned for plaintiff, and defendant moves for judgment non obstante and for a new trial. Overruled.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Joseph J. Goodman and George Demming, for plaintiff.
F. B. Bracken, for defendant.

HOLLAND, District Judge. The sole reason assigned for a new trial ·in this case is the inadequacy of the verdict of $250, returned by the jury in favor of the plaintiff. It was a claim for personal injury resulting to the plaintiff because of the defendant's negligence in not having provided plaintiff with a safe place to work, and further failed to warn the plaintiff of a certain passageway or aisle in the mill of the defendant company in which the plaintiff worked, which resulted, as plaintiff alleges, in his falling over an obstruction in this passageway, through which he was attempting to walk, and which passageway, it was alleged, was insufficiently lighted. There was sufficient ·evidence of defendant's negligence to carry the case to the jury, but in the judgment of the court the great weight of the evidence was against the plaintiff's right to recover anything.

The defendant in this case objects to the granting of a new trial for the reasons stated, and the court is not inclined, in this case, to sustain the plaintiff's motion on the ground of the inadequacy of the verdict simply because it appears to be illogical. We think the authorities uniformly support the proposition that where the court is of the opinion that the verdict should have been for the defendant upon evidence which would have justified such a verdict, and especially, as in this case, where the preponderance of the evidence was in favor of the defendant, a court should not set aside a verdict simply upon the ground of inadequacy. Reading v. Texas Pacific Ry. Co. (C. C.) 4 Fed. 134; 2 Sedgwick on Damages, 656.

The motion for a new trial is overruled, and, for the reason that this case was one which was properly submitted to the jury, we refuse to enter judgment on the motion non obstante veredicto.