[No. 12024.   Department One.   December 11, 1914.]

JOSEPH KRULIKOSKI *et al.*, *Appellants*, v. GEORGE H. T. SPARLING *et al.*, *Respondents*.[1]

NEW TRIAL—GROUNDS—INADEQUATE DAMAGES—VERDICT FOR ONE DOLLAR—EFFECT.   Where plaintiff and defendant were each claiming damages from the other by reason of the other's negligence in causing an automobile collision, and the evidence was such that a verdict for plaintiff for one dollar might be interpreted as a finding exonerating defendant, it is not error to refuse plaintiff a new trial, on the ground of inadequate damages, although the evidence indicated substantial damages were sustained by the plaintiff.

Appeal by plaintiffs from a judgment of the superior court for King county, Dykeman, J., entered January 21, 1914, upon the verdict of a jury, awarding plaintiffs one dollar as damages sustained in an automobile collision.   Affirmed.

*Frank E. Green* and *Green & Chester*, for appellants.
*Brightman, Halverstadt & Tennant*, for respondents.

PARKER, J.—The plaintiffs commenced this action seeking recovery of damages for injury to their automobile and personal injuries to Mrs. Krulikoski, which they claim resulted

[1]Reported in 144 Pac. 692.

from the negligence of the defendants in driving their automobile so as to come into collision with plaintiffs' automobile at the intersection of Eighth avenue and Union streets, in Seattle. The defendants denied negligence on their part, alleged that whatever damage plaintiff suffered was the result of their own negligence, and by cross-complaint the defendants alleged and claim damage resulting to their own automobile from the negligence of plaintiffs. A trial before the court and a jury resulted in verdict and judgment in favor of the plaintiffs, awarding them damage in the sum of one dollar. Plaintiffs' motion for a new trial, rested upon the statutory ground of "inadequate damages appearing to have been given under the influence of passion and prejudice," among others, was, by the court, denied. From this disposition of the cause, the plaintiffs have appealed to this court.

Counsel for appellants contend that the evidence produced upon the trial necessarily leads to the conclusion that they suffered more than mere nominal damages; that they are entitled to an award of damages in a substantial sum, if at all; and that the verdict is, in effect, a finding in their favor upon the question of both their and respondents' negligence. A review of the evidence touching the question of damage suffered by appellants does seem to warrant no other conclusion than that such damage was measurable by a substantial sum, so we shall assume, for present purposes, that appellants did suffer more than mere nominal damages. We are not advised by the record as to the grounds upon which the learned trial court denied appellants' motion for a new trial. Counsel for respondents moved for a nonsuit at the close of the evidence introduced by appellants, and moved for a directed verdict against appellants at the close of the trial. These motions were, at the time, denied by the court. While respondents were, by their cross-complaint, claiming damages from appellants, they concluded to submit to the verdict, their counsel now insisting that it was, in effect, a finding in their favor so far as appellants' right of recovery against

them is concerned, and that, in any event, they were entitled to a directed verdict at the close of the trial.

There is certainly room for strong argument in support of this latter contention. A review of the evidence renders it difficult to escape the conclusion that the question of respondent's alleged negligence is largely a matter of speculation. However, we would not be inclined to hold that the court's disposition of these motions was erroneous at the time; and had the jury awarded substantial damages to appellants, which the evidence all but conclusively shows they suffered, we could not hold that the verdict should be set aside, as a matter of law, because of failure of proof of negligence to support it. True, there is ground for contending, as counsel for appellants do, that the verdict is susceptible of being interpreted as a finding in appellants' favor on the question of negligence, but we think it is also capable of being interpreted as a finding exonerating respondents from blame, in the light of the evidence as a whole, and the fact that appellants and respondents were each claiming damage as against the other. *Hubbard v. Town of Mason City*, 64 Iowa 245, 20 N. W. 172; *Haven v. Missouri R. Co.*, 155 Mo. 216, 55 S. W. 1035; *Fulmele v. Forrest* (Del.), 86 Atl. 733; 29 Cyc. 848. The refusal or granting of a new trial upon the ground here urged is within the discretion of the trial court, and its action in that regard will not be disturbed by this court except in cases of clear abuse of such discretion. We cannot see our way clear to interfere in this case.

The judgment is affirmed.

CROW, C. J., GOSE, MORRIS, and CHADWICK, JJ., concur.