## WILLIAMSON v. OSENTON.

(Circuit Court of Appeals, Fourth Circuit. February 2, 1915.)

No. 1167.

1. APPEAL AND ERROR ☞1004—REVIEW—EXCESSIVENESS OF DAMAGES.

While there is no more salutary judicial power than that of relieving against excessive verdicts, and while the exercise of this power with moderation and firmness is important, under Const. U. S. Amend. 7, providing that no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law, the refusal of the District Court to grant a new trial for excessive-

ness of the verdict in a wife's action for the alienation of her husband's affections is not reviewable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. ☞1004.]

**2. HUSBAND AND WIFE ☞335—ALIENATION OF AFFECTIONS—INSTRUCTIONS.**

In a wife's action for the alienation of her husband's affections, defendant had no reason to complain of an instruction that such an accusation against a woman should be proved by evidence convincing to the minds and consciences of the jury.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1126; Dec. Dig. ☞335.]

**3. HUSBAND AND WIFE ☞335—ALIENATION OF AFFECTIONS—INSTRUCTIONS.**

In a wife's action for alienation of her husband's affections, defendant had no reason to complain of instructions that if defendant enticed plaintiff's husband into sexual intercourse with her, by allurement held out, not purposely, but under the influence of passion, actual damages only could be recovered, but that, if the sexual association imputed to defendant and plaintiff's husband was sought by defendant with design to induce the husband to withdraw his affections from his wife and bestow them on defendant, plaintiff would be entitled to recover punitive damages.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1126; Dec. Dig. ☞335.]

**4. HUSBAND AND WIFE ☞334—ALIENATION OF AFFECTIONS—DEFENSES.**

In a wife's action for alienation of her husband's affections, the estrangement of the husband from his wife could be taken into consideration in mitigation of the damages only, and was not a bar to the recovery of either compensatory or punitive damages.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1125; Dec. Dig. ☞334.]

**5. APPEAL AND ERROR ☞1067—HARMLESS ERROR—REFUSAL OF INSTRUCTIONS.**

In an action for alienating the affections of plaintiff's husband, where defendant and the husband denied all sexual intercourse, while the evidence for plaintiff, if true, showed beyond doubt deliberate and active initiative and co-operation of both parties in the infliction of the wrong on plaintiff, the error, if any, in refusing to charge that if the enticement was on the part of the husband, and not on the part of defendant, there could be no recovery, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. ☞1067.]

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; Benjamin F. Keller, Judge.

Action by Katherine Osenton against Margaret H. Williamson. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 211 Fed. 1023, 127 C. C. A. 667.

W. E. Chilton and A. M. Belcher, both of Charleston, W. Va. (Chilton, MacCorkle & Chilton, of Charleston, W. Va., S. W. Walker, of Martinsburg, W. Va., and Arthur English, of New York City, on the briefs), for plaintiff in error.

Connor Hall and R. G. Linn, both of Charleston, W. Va. (C. Beverley Broun, of Charleston, W. Va., on the briefs), for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WOODS, Circuit Judge. In this action for the alienation of the affections of her husband, C. W. Osenton, Katherine Osenton recovered against Margaret H. Williamson a verdict of $35,000. A motion for a new trial was refused. Careful examination of the law of the case leads to the conclusion that all the rulings of the District Court were sound.

[1] In such an action for damages this court cannot review the action of the District Court in refusing to grant a new trial for excess in the verdict. The provision of the seventh amendment of the Constitution that "no fact once tried by a jury shall be otherwise reexaminable in any court of the United States, than according to the rules of the common law," was held in Parsons v. Bedford, 3 Pet. 433, 7 L. Ed. 732, to deny to a federal appellate court that power. N. Y. C. & H. R. R. Co. v. Fraloff, 100 U. S. 24, 25 L. Ed. 531; Blitz v. United States, 153 U. S. 308, 14 Sup. Ct. 924, 38 L. Ed. 725. There is no more salutary judicial power than that of relieving against excessive verdicts. With the changes which modern life has brought, the importance of the exercise of the power with moderation and firmness becomes more and more important, especially when it is considered that the refusal of the trial court to give relief cannot be reviewed. Large as this verdict is, the motion to reduce by granting a new trial nisi was in the discretion of the District Court and beyond the consideration of this court.

[2-4] It would unnecessarily incumber the record to consider in detail the assignments of error in the instructions to the jury. The charge was to the effect (1) that an accusation like this against a woman should be proved by evidence convincing to the minds and consciences of the jury; (2) that if the jury believed from the evidence the defendant had enticed the husband into sexual intercourse with her by allurement held out, not purposely, but under the influence of passion, then the plaintiff could recover only actual damages; (3) that if, on the other hand, they believed that the sexual association imputed to the defendant and Osenton by some of the witnesses, in her own house and on journeys together, was sought by the defendant with the design to induce the husband to withdraw his affections from his wife, and bestow them on defendant, then the plaintiff would be entitled to recover punitive damages; (4) that if the jury found the plaintiff was entitled to damages, and credited the evidence of estrangement of Osenton from his wife, this should be taken into consideration in mitigation of the damages to be awarded.

The defendant has no reason to complain of the first three of these propositions. In Tinker v. Colwell, 193 U. S. 473, 24 Sup. Ct. 505, 48 L. Ed. 754, the Supreme Court referring to a judgment for damages in favor of a husband for criminal conversation with his wife uses this language:

"The injury for which it was recovered is one of the grossest which can be inflicted upon the husband, and the person who perpetrates it knows it is an offense of the most aggravated character; that it is a wrong for which no adequate compensation can be made, and hence personal and particular malice towards the husband as an individual need not be shown, for the law implies that there must be malice in the very act itself, and we think Con-

gress did not intend to permit such an injury to be released by a discharge in bankruptcy."

We decline to make any distinction between the character of the wrong of alienating the affections of the wife from the husband by alluring with habitual criminal intercourse and that of alienating the affections of the husband from the wife by like means. The bearing of the evidence as to estrangement was properly limited in the charge to the subject of mitigation of damages. Estrangement is obviously not a bar to the recovery of either compensatory or punitive damages.

[5] The charge was a strong and comprehensive statement of all the law of the case. But if it be assumed, as defendant's counsel earnestly contended, that their requests more specifically laying down the proposition that if the enticement was on the part of Osenton, and not on the part of Mrs. Williamson, then there could be no recovery, should have been given, the error would be entirely immaterial. Looking at the case in a practical way, it is clear that the real and sole issue was that of the credibility of the witnesses. Osenton and the defendant denied all sexual intercourse, saying that their association began and continued in the relation of attorney and client and was altogether innocent, and defendant's witnesses testified in support of their statements. Witnesses for the plaintiff testified, on the other hand, to the defendant's keeping a special room for Osenton at her home adjoining her own room, and to the most brazen intercourse between them on his visits, which were very frequent; to several trips taken by Osenton and the defendant together in flaunting defiance of his marital obligations and the feelings of the plaintiff; and to vulgar indulgence by the defendant of her passion for Osenton on their trips. The jury accepted this testimony on plaintiff's behalf as true, and it showed, beyond doubt, deliberate and active initiative and co-operation of both parties in the infliction of this grievous wrong on the plaintiff. If the jury had believed the testimony of Osenton and the defendant and their witnesses, then they could not have found any verdict for the plaintiff under the charge; on the other hand, the jury's acceptance of the testimony on behalf of the plaintiff required at their hands a verdict for both compensatory and punitive damages. The sole issue being this broad one of fact, even if there had been error in not giving the specific instructions requested, it would be immaterial.

Affirmed.