## FAIRMOUNT GLASS WORKS *v.* CUB FORK COAL CO. ET AL.

No. 314. Argued November 8, 1932.—Decided January 9, 1933.

*Mr. Paul Y. Davis,* with whom *Mr. Henry H. Horn-brook* was on the brief, for petitioner.

*Mr. Connor Hall,* with whom *Mr. C. W. Nichols* was on the brief, for respondents.

Mr. Justice Brandeis delivered the opinion of the Court.

Cub Fork Coal Company and Paragon Colliery Company brought this action in the federal court for southern Indiana to recover from Fairmount Glass Works $32,417, with interest, as damages for breach of a contract to purchase 17,500 tons of coal, at $6.50 per ton f. o. b. mines, deliverable in twelve monthly instalments beginning June 1920. Jurisdiction of the federal court was invoked on the ground of diversity of citizenship. The Glass Works pleaded in bar several defenses; and it also set up a counterclaim in the sum of $2,000 as damages for failure to make delivery as provided by the contract. Three trials before a jury were had. At each of the first two the verdict was for the defendant; and each time the judgment entered thereon was reversed by the Circuit Court of Appeals with a general direction for a new trial, 19 F. (2d) 273; 33 F. (2d) 420. On the third trial the plaintiffs recovered a verdict for $1; and, after further proceedings, judgment was entered thereon with costs.

The plaintiffs appealed to the Circuit Court of Appeals "for the reasons set forth in the assignment of errors."

The errors assigned were the failure to give eleven requested instructions. Nine instructions sought related solely to the question of liability. None of the instructions requested and refused related to the measure of damages. But the first asked for a directed verdict for $42,773.50, and the second asked that if a verdict were rendered for the plaintiffs the damages be set at $42,773.50. The charge given was not otherwise excepted to. It had appeared at the trial that after receiving in instalments about 6,330 tons of coal, the defendant refused, on December 4, 1920, to accept further deliveries; and that there was a continuing serious decline in the market price of coal from that date to the end of the twelve months fixed by the contract for delivery. The defendant had insisted upon the several defenses pleaded in bar as well as upon the counterclaim. After the verdict the defendant was allowed to amend the counterclaim, so as to allege that the market price of coal was $11 a ton at the time plaintiffs failed to make the deliveries therein referred to and that the defendant's damages from such failure were $10,000. The record recites that a motion for a new trial was made by the plaintiffs and overruled, and that the overruling was excepted to; but the grounds of the motion, and of the refusal to grant it, are not stated. The errors assigned do not include any reference to the motion for a new trial; or to the exception which was taken to the allowance of the amendment of the counterclaim after verdict.

The Circuit Court of Appeals deemed it unnecessary to consider the nine instructions relating to liability, since the verdict for the plaintiffs " upon the issues which determined liability was amply sustained by the evidence." Nor did it discuss the two instructions which alone referred to the amount of damages recoverable. But it made an order substantially as follows: If within thirty days the parties shall stipulate that the judgment be

modified by substituting for $1 the sum of $18,500 (or other agreed sum) with interest at the rate of five per cent from December 4, 1920 and costs, the judgment as so modified shall be affirmed; otherwise the judgment shall be reversed and a new trial be had "limited only to an ascertainment of appellants' [plaintiffs'] recoverable damages and the amount of appellee's counterclaim, if upon a new trial it appears that appellee is entitled to any recovery or set-off on its counterclaim." 59 F. (2d) 539. As the parties did not stipulate for the modification suggested by the Court of Appeals, it ordered that the judgment be reversed with costs, and that the cause be remanded to the District Court with direction to grant a new trial limited as stated. The defendant petitioned this Court for a writ of certiorari on the ground that the Circuit Court of Appeals, in violation of the Seventh Amendment of the Federal Constitution, re-examined the verdict of the jury otherwise than according to the rules of the common law and reversed the judgment solely for alleged error of fact in the verdict and for the alleged error of the trial court in overruling a motion for a new trial. Certiorari was granted.

The reasons assigned by the Circuit Court of Appeals for its action were substantially these: It appears that a large sum is recoverable as damages; that the minimum recoverable may be determined with substantial accuracy by computation, for the defendant "breached its contract without justification on December 4, 1920" and "the market price of coal is shown for each day of the month, and the average price per month is also disclosed, so that the actual amount of damages is quite definitely ascertainable" despite "a slight discrepancy in the statements of witnesses." The amount shipped and the amount received are also quite definitely ascertainable, despite a discrepancy "due apparently to the fact that the railroad confiscated a small amount of the coal on several occa-

sions." Computing plaintiffs' damages " upon the basis most favorable to the " defendant, and the defendant's damages on the counterclaim also on the basis most favorable to it, plaintiffs appear clearly to be entitled to $18,250 with interest at the rate of five per cent from December 4, 1920 and costs. As the jury fixed the damages at $1, the verdict should have been set aside and a new trial granted. Since in view of *Slocum* v. *New York Life Insurance Co.*, 228 U. S. 364, the court is " not at liberty to direct judgment for such amount as we believe would fairly represent " plaintiffs' damages, the parties should be given the opportunity of disposing of the case without further litigation by entering into an agreement as to the damages. If the parties do not so agree, a new trial should be granted; limited to the ascertainment of damages, as in *Gasoline Products Co.* v. *Champlin Rfg. Co.*, 283 U. S. 494.

If the refusal to grant the motion for a new trial was deemed by the Circuit Court of Appeals plain reversible error it was at liberty under its rules to notice the error although not assigned;[1] and the omission from the record of the grounds of the motion would be no obstacle to a review, since the motion was obviously directed to the failure to award substantial damages.[2] But we are of

---

[1] Rule 10 (4) of the Circuit Court of Appeals for the Seventh Circuit provides: " The court may notice a plain error not assigned." See *Reliable Incubator & Brooder Co.* v. *Stahl*, 105 Fed. 663, 668. A similar rule obtains in this Court; and in each of the other Circuit Courts of Appeals except the Eighth. For examples of the application of these Rules, see *United States* v. *Tennessee & C. R. Co.*, 176 U. S. 242, 256; *Columbia Heights Realty Co.* v. *Rudolph*, 217 U. S. 547, 552; *Weems* v. *United States*, 217 U. S. 349, 358; *Mahler* v. *Eby*, 264 U. S. 32, 45; *New York Life Ins. Co.* v. *Rankin*, 162 Fed. 103, 108. Compare *Pierce* v. *United States*, 255 U. S. 398, 405–406.

[2] Contrast *Reliance Coal & Coke Co.* v. *H. P. Brydon & Bro.*, 286 Fed. 827, 832, where the moving party was the defendant, against whom the verdict had gone.

opinion that the action of the District Court was not reversible error.

*First.* The rule that this Court will not review the action of a federal trial court in granting or denying a motion for a new trial for error of fact has been settled by a long and unbroken line of decisions;[3] and has been frequently applied where the ground of the motion was that the damages awarded by the jury were excessive or were inadequate.[4] The rule precludes likewise a review of such action by a circuit court of appeals.[5] Its early formulation by this Court was influenced by the mandate of the Judiciary Act of 1789, which provided in § 22 that there should be " no reversal in either [circuit or Supreme] court on such writ of error . . . for any error in fact." [6]

---

[3] See *e. g., Henderson* v. *Moore,* 5 Cranch 11, 12; *Marine Ins. Co.* v. *Young,* 5 Cranch 187, 191; *The "Abbotsford,"* 98 U. S. 440, 445; *Railway Co.* v. *Twombly,* 100 U. S. 78, 81. In numerous cases no reference is made, in denying review, to the grounds for the motion. *E. g., Barr* v. *Gratz,* 4 Wheat. 213, 220; *Brown* v. *Clarke,* 4 How. 4, 15; *Kerr* v. *Clampitt,* 95 U. S. 188, 189; *Ayers* v. *Watson,* 137 U. S. 584, 597; *Van Stone* v. *Stillwell & Bierce Mfg. Co.,* 142 U. S. 128, 134; *Holder* v. *United States,* 150 U. S. 91, 92; *Blitz* v. *United States,* 153 U. S. 308, 312; *Clune* v. *United States,* 159 U. S. 590, 591; *Addington* v. *United States,* 165 U. S. 184, 185; *Pickett* v. *United States,* 216 U. S. 456, 461.

[4] *Railroad Co.* v. *Fraloff,* 100 U. S. 24, 31; *Wabash Ry. Co.* v. *McDaniels,* 107 U. S. 454, 456; *Arkansas Cattle Co.* v. *Mann,* 130 U. S. 69, 75; *Fitzgerald Constr. Co.* v. *Fitzgerald,* 137 U. S. 98, 113; *Lincoln* v. *Power,* 151 U. S. 436, 438.

[5] *Chesapeake & Ohio Ry. Co.* v. *Proffitt,* 218 Fed. 23, 28; *Ford Motor Co.* v. *Hotel Woodward Co.,* 271 Fed. 625, 630; *Alaska Packers' Assn.* v. *Gover,* 278 Fed. 927, 929; *Boston & Maine R. Co.* v. *Dutille,* 289 Fed. 320, 324; *Louisiana Oil Refining Corp.* v. *Reed,* 38 F. (2d) 159, 162; *Geo. E. Keith Co.* v. *Abrams,* 43 F. (2d) 557, 558; *Southern Railway Co.* v. *Walters,* 47 F. (2d) 3, 7; *Grand Trunk W. Ry. Co.* v. *Heatlie,* 48 F. (2d) 759, 761.

[6] Act of September 24, 1789, c. 20, 1 Stat. 84–85; compare Rev. Stat. § 1011, 28 U. S. C., § 879. See *Marine Ins. Co.* v. *Young,* 5 Cranch 187, 190; and the discussion in 32 Columbia Law Review, pp. 860–869.

Sometimes the rule has been rested on that part of the Seventh Amendment which provides that "no fact tried by a jury, shall be otherwise re-examined in any court of the United States, than according to the rules of the common law."[7] More frequently the reason given for the denial of review is that the granting or refusing of a motion for a new trial is a matter within the discretion of the trial court.[8]

It has been suggested that a review must be denied because of the historical limitation of the writ of error to matters within the record, of which the motion for a new trial was not a part.[9] Compare Judge Learned Hand in *Miller* v. *Maryland Casualty Co.,* 40 F. (2d) 463. But the denial of review can no longer rest upon this ground, since the record before the appellate court has been enlarged to include in the bill of exceptions a motion for a new trial, made either before or after judgment. Compare *Harrison* v. *United States,* 7 F. (2d) 259, 262. Under certain circumstances the appellate court may enquire into the action of the trial court on a motion for a new trial. Thus, its denial may be reviewed if the trial court

[7] See *Metropolitan R. Co.* v. *Moore,* 121 U. S. 558, 573; *Williamson* v. *Osenton,* 220 Fed. 653, 655.

[8] *Zacharie* v. *Franklin,* 12 Pet. 151, 163; *United States* v. *Hodge,* 6 How. 279, 281; *Warner* v. *Norton,* 20 How. 448, 461; *Pomeroy's Lessee* v. *Bank of Indiana,* 1 Wall. 592, 597–598; *Freeborn* v. *Smith,* 2 Wall. 160, 176; *Sparrow* v. *Strong,* 3 Wall. 97, 105; *Ewing* v. *Howard,* 7 Wall. 499, 502; *Chicago* v. *Greer,* 9 Wall. 726, 735; *Insurance Co.* v. *Barton,* 13 Wall. 603, 604; *Newcomb* v. *Wood,* 97 U. S. 581, 583–584; *Railway Co.* v. *Heck,* 102 U. S. 120; *Springer* v. *United States,* 102 U. S. 586, 595; *Missouri Pac. Ry. Co.* v. *Chicago & Alton R. Co.,* 132 U. S. 191; *Fitzgerald Constr. Co.* v. *Fitzgerald,* 137 U. S. 98, 113; *Holmgren* v. *United States,* 217 U. S. 509, 521.

[9] At early common law in England writ of error and motion for a new trial were mutually exclusive remedies. See 1 Holdsworth, History of English Law, p. 226. The motion was addressed to the discretion of the court in banc. 3 Bl. Comm. 392. Review by the Exchequer Chamber of the refusal to grant a new trial was allowed in

erroneously excluded from consideration matters which were appropriate to a decision on the motion, *Mattox* v. *United States,* 146 U. S. 140; *Ogden* v. *United States,* 112 Fed. 523; or if it acted on the mistaken view that there was no jurisdiction to grant it, or that there was no authority to grant it on the ground advanced, *Felton* v. *Spiro,* 78 Fed. 576, 581; *Dwyer* v. *United States,* 170 Fed. 160, 165; *Paine* v. *St. Paul Union Stockyards Co.,* 35 F. (2d) 624, 626–628. It becomes necessary, therefore, to determine whether the circumstances of the case at bar justify an enquiry into the trial court's refusal to set aside the verdict.

*Second.* It is urged that the motion for a new trial presented an issue of law. The argument is that on the motion or on the court's own initiative the verdict should have been set aside as inconsistent on its face, since if the plaintiffs were entitled to recover at all they were entitled to substantial, not merely nominal, damages. The case, it is contended, is comparable to one in which the award of damages exceeded a statutory limit, see *Southern Ry. Co.* v. *Bennett,* 233 U. S. 80; or was less than an amount undisputed, *Glenwood Irrigation Co.* v. *Vallery,* 248 Fed. 483; *Stetson* v. *Stindt,* 279 Fed. 209; or was in pursuance

---

a limited class of cases by the Common Law Procedure Act, 1854, 17 & 18 Vict., c. 125, § 35, which provided, however, that "where the application for a new trial is upon Matter of Discretion only, as on the ground that the Verdict was against the Weight of Evidence or otherwise, no such Appeal shall be allowed." Since the Judicature Acts, which abolished proceedings in error in civil cases and substituted an appeal, (see Judicature Act, 1875, 38 & 39 Vict., c. 77, Order 58 (1)), appellate procedure has been regulated by Rules of Court. Compare Supreme Court of Judicature (Consolidation) Act, 1925, 15 & 16 Geo. V, c. 49, § 99 (f), as amended by 18 Geo. V, c. 26, § 8. The present Rules provide that applications for new trials are to be made to the Court of Appeal, which shall have the same powers on the hearing as it exercises on an appeal. See Annual Practice, 1933, Order 39, Rules 1 and 2.

of erroneous instructions on the measure of damages, *Chesapeake & O. Ry. Co.* v. *Gainey,* 241 U. S. 494, 496;[10] or was in clear contravention of the instructions of the trial court, *United Press Assn.* v. *National Newspapers Assn.,* 254 Fed. 284; compare *American R. Co.* v. *Santiago,* 9 F. (2d) 753, 757–758.

To regard the verdict as inconsistent on its face is to assume that the jury found for the plaintiff and failed to perform its task of assessing damages. The trial judge was not obliged so to regard the verdict. The defendant had insisted upon several defenses and had set up a counterclaim. The plaintiffs were not entitled to a directed verdict. The evidence was voluminous; and, on some issues at least, conflicting. The instructions left the contested issues of liability to the jury. The verdict may have represented a finding for the defendant on those issues;[11] the reason for the award of nominal damages may have been that the jury wished the costs to be taxed

[10] Compare, also, *James* v. *Evans,* 149 Fed. 136; *East St. Louis Cotton Oil Co.* v. *Skinner Bros. Mfg. Co.,* 249 Fed. 439; *Eteepain Co-op. Society* v. *Lillback,* 18 F. (2d) 912, 915.

[11] See *Olek* v. *Fern Rock Woolen Mills,* 180 Fed. 117; *Vanek* v. *Chicago G. W. R. Co.,* 252 Fed. 871; *Fulmele* v. *Forrest,* 27 Del. 155; 86 Atl. 733. In a number of instances state appellate courts have taken this view of the verdict. *Spannuth* v. *C. C. C. & St L. Ry. Co.,* 196 Ind. 379; 148 N. E. 410; *Hubbard* v. *Mason City,* 64 Iowa 245; 20 N. W. 172; *Wavle* v. *Wavle,* 9 Hun 125; *Snyder* v. *Portland Ry., L. & P. Co.,* 107 Ore. 673, 678–684; 215 Pac. 887; *Krulikoski* v. *Sparling,* 82 Wash. 474; 144 Pac. 692 (but see *Bingaman* v. *Seattle,* 139 Wash. 68, 72–73; 245 Pac. 411); see *Haven* v. *Missouri R. Co.,* 155 Mo. 216, 223; 55 S. W. 1035. Contra: *Miller* v. *Miller,* 81 Kans. 397; 105 Pac. 544; *Bass Furniture Co.* v. *Electric Supply Co.,* 101 Okla. 293; 225 Pac. 519; see *Johnson* v. *Franklin,* 112 Conn. 228; 152 Atl. 64. Compare *Pugh* v. *Bluff City Excursion Co.,* 177 Fed. 399, in which the jury returned a verdict for nominal damages after the trial court, upon the jury's request to rule on the propriety of this, gave an instruction couched in generalities.

against the defendant. The defendant did not complain of the verdict. The record before us does not contain any explanation by the trial court of the refusal to grant a new trial, or any interpretation by it of the jury's verdict.[12] In the absence of such expressions by the trial court in the case at bar, the refusal to grant a new trial cannot be held erroneous as a matter of law. Appellate courts should be slow to impute to juries a disregard of their duties, and to trial courts a want of diligence or perspicacity in appraising the jury's conduct. Compare *Union Pacific R. Co.* v. *Hadley*, 246 U. S. 330, 334; *Dunn* v. *United States*, 284 U. S. 390, 394.

*Third.* It is urged that the refusal to set aside the verdict was an abuse of the trial court's discretion, and hence reviewable. The Court of Appeals has not declared that the trial judge abused his discretion. Clearly the mere refusal to grant a new trial where nominal damages were awarded is not an abuse of discretion. This Court has frequently refrained from disturbing the trial court's approval of an award of damages which seemed excessive or inadequate,[13] and the circuit courts of appeals have generally followed a similar polity.[14] Whether refusal to set aside a verdict for failure to award substantial damages may ever be reviewed on the ground that the trial judge abused his discretion, we have no occasion to determine.

---

[12] Compare *Minneapolis, St. P. & S. S. M. Ry. Co.* v. *Moquin*, 283 U. S. 520, in which the trial court, expressing the opinion that the verdict was excessive because of passion and prejudice, nevertheless refused, on the filing of a remittitur, to grant a new trial.

[13] See *Wilson* v. *Everett*, 139 U. S. 616, 621; *Herencia* v. *Guzman*, 219 U. S. 44, 45; *Southern Ry. Co.* v. *Bennett*, 233 U. S. 80, 86–87; *St. Louis, I. M. & S. Ry. Co.* v. *Craft*, 237 U. S. 648, 661; *Louisville & N. R. Co.* v. *Holloway*, 246 U. S. 525, 529; and cases cited in note 4, *supra*.

[14] See cases cited in note 5, *supra*. Compare, however, *Cobb* v. *Lepisto*, 6 F. (2d) 128.

486

*Fourth.* The respondents contend that the District Court erred in charging that the measure of damages was the difference between the contract price and the market price at the time of the breach, instead of the market prices at the times for delivery; and that this error may be relied upon here in support of the judgment of the Court of Appeals. Compare *United States v. American Railway Express Co.,* 265 U. S. 425, 435–436; *Langnes* v. *Green,* 282 U. S. 531, 538; *Story Parchment Co.* v. *Paterson Co.,* 282 U. S. 555, 561. There was no request for an instruction on this subject and no objection was made to that given until after the jury had retired. The trial judge was under no obligation to recall the jury. Moreover, the instruction given and the refusal to recall the jury were not assigned as error on appeal to the Court of Appeals; nor did that court mention the matter. Under the Rules of both the Court of Appeals and this Court the exception taken after the jury retired came too late to furnish a basis for review.[15] We have, therefore, no occasion to consider the meaning of the charge given, its correctness as a matter of law, or the materiality of the error, if any, in giving it.

The judgment of the Circuit Court of Appeals is reversed and that of the District Court is affirmed.

*Reversed.*

MR. JUSTICE STONE and MR. JUSTICE CARDOZO, dissenting.

A verdict found in contravention of the instructions of the court may be reversed on appeal as contrary to law. So much the prevailing opinion apparently concedes.

[15] See Rule 9, paragraph 1, of the Rules of the Circuit Court of Appeals for the Seventh Circuit; and Rule 8, paragraph 1, of the Rules of this Court. Also *Phelps* v. *Mayer,* 15 How. 160, 161; *Hickory* v. *United States,* 151 U. S. 303, 316; *Ford Hydro-Electric Co.* v. *Neely,* 13 F. (2d) 361.

The verdict of $1 returned by the jury upon the trial of this cause may not be squared with their instructions and hence was properly annulled.

By the instructions of the trial judge they were required, if they found that the defendant had broken its contract, to award to the plaintiffs the difference between the contract price of the coal and its market value, after allowance for the defendant's counterclaim. The evidence most favorable to the defendant, both as to claim and counterclaim, made it necessary, if there was any breach, to return a substantial verdict, the minimum being capable of accurate computation. The distinction is not to be ignored between this case of a breach of contract and the cases cited in the prevailing opinion where the liability was in tort. Here the minimum, if not the maximum, damages are fixed and definite. There the discretion of the jury was not subject to tests so determinate and exact. The question is not before us whether even in such circumstances there may be revision on appeal. Cf. *Pugh* v. *Bluff City Excursion Co.*, 177 Fed. 399. Enough for present purposes that in the circumstances of the case at hand the verdict for $1 is a finding that the contract had been broken, and this irrespective of the motive that caused the verdict to be given. What the motive was we cannot know from anything disclosed to us by the record. Nothing there disclosed lays a basis for a holding that the nominal verdict for the plaintiffs was designed to save them from the costs which the law would · have charged against them if there had been a verdict for defendant. The jury were not instructed as to the liability for costs, and for all that appears had no knowledge on the subject. Nor would such a motive, if there were reason to ascribe it, rescue them from the reproach of disobedience and error. It would merely substitute one form of misconduct for another. It would do this, moreover, in contradiction of the record. By no process of mere

488

construction can a verdict that nominal loss has resulted from a breach be turned into a verdict that there had been no breach at all. On the face of the record, the jury found there was a wrong, and then, in contravention of instructions, refused, either through misunderstanding or through wilfulness, to assess the damages ensuing.

Justice is not promoted in its orderly administration when such conduct is condoned.