BEHRMAN v. SIMS et al.

No. 9284.

United States Court of Appeals
District of Columbia.

Argued Oct. 10, 1946.

Decided Nov. 12, 1946.

Mr. Austin F. Canfield, of Washington, D. C. with whom Messrs. Julian H. Reis and Irving Wilner, both of Washington, D. C., were on the brief, for appellant. Mr. William T. Hannan, of Washington, D. C., also entered an appearance for appellant.

Mr. Arthur L. Willcher, of Washington, D. C. with whom Mr. Sol Rothbard, of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTY-MAN, Associate Justices.

WILBUR K. MILLER, Associate Justice.

The appellant, Harold Behrman, is the owner of a business in the District of Columbia in the conduct of which large motor trucks are used. Late in the afternoon of February 24, 1945, one of those trucks was traveling northwardly on Sherman Avenue in the line of traffic nearest to the center of the street. The appellee, Michael R. Sims, was driving his automobile in the same direction, but was in the line or lane of traffic to the right of the truck and slightly behind it. He was accompanied by his wife, Mildred Sims, and one Patricia Morganstern, who also are appellees. Irving Street intersects Sherman Avenue at right angles. As the truck was entering the intersection, its driver undertook to make a right turn into Irving Street. In doing so, he turned directly into the path of the Sims car, and a collision resulted in which injuries were sustained by

Sims and his two passengers, and considerable damage was done to the automobile. Behrman appeals from the judgment which was entered against him by the United States District Court in favor of the three appellees, pursuant to the jury's verdict.

■ The appellant maintains that the District Court erred in refusing to discharge the jury panel because of what he asserts was an intimation concerning insurance upon voir dire examination. During the interrogation of the panel, the attorney for the appellees informed the jury that Julian Reis, one of the attorneys for the appellant, was associated with the firm of Young & Simon. He then enumerated several persons with that firm and inquired if the prospective jurors were acquainted with any of them. A juror responded, "I know Mr. Leopold Freudberg." The appellees' attorney asked, "Mr. King, may I inquire what the nature of your acquaintance with Mr. Freudberg is?" Juror: "I went to school with him and bought insurance with him when he was with the Massachusetts Mutual Life Insurance Company." This voluntary statement from a juror that he had bought insurance from a representative of a life insurance company was not enough, in our view, to suggest to the jurors the idea that a liability insurance company protected Behrman. The motion for a mistrial because of the juror's statement was properly denied.

■ The appellant also asserts error because of the trial court's refusal to discharge the jury when one of his witnesses was asked on cross examination if he had ever been convicted of a felony or misdemeanor. The answer of the witness was, "It don't amount to nothing, speeding and things like that." When it later appeared that the appellee's attorney had no information concerning a conviction of the witness on which to base the question, the trial judge informed the jurors that the question was improper, and instructed them not to be influenced by it in reaching a decision. This was enough, we think, in this factual situation to repair any damage done to the appellant, even if it be conceded that the question was improper.

■ Complaint is made that a proper instruction on contributory negligence was not given. The court told the jurors that if Michael Sims "contributed to the cause of this accident by any negligent act on his part," he could not recover. The appellant insists that the language should have been that if Michael Sims "in any wise contributed" to the cause of the accident by any negligent act on his part, he could not recover. The court also told the jury that if both Sims and the defendant were found to be negligent, Sims could not recover, and that they would not be permitted "to consider the degree of negligence or whether one of the drivers in this case was more or less negligent than the other." The entire instruction on contributory negligence as given is shown in the margin.[1] The appellant argues that the following sentence should have been added at the end of the instruction: "The slightest degree of negligence established by preponderance of the evidence against Michael Sims bars his recovery as indicated in this instruction." It will be observed, however, that the jurors were told that any negligent act of Michael Sims would defeat him, even if the truck driver were found to be negligent. The sentence set out above which the appellant asserts should have been added to the instruction amounts to no more than a

---

[1] "The jury are instructed as a matter of law that if from a preponderance of the evidence in this case they believe that the plaintiff, Michael Sims, contributed to the cause of this accident by any negligent act on his part, then, he is not entitled to recover against the plaintiff (sic) for any damages sustained by him personally; nor is he entitled to recover any damages from the defendant for any monies expended by him as the result of any injuries sustained by his wife, Mildred Sims, nor is he entitled to recover any damages for the loss of her consortium. If the jury find from a preponderance of the evidence that both Michael Sims and the defendant were negligent, the plaintiff, Michael Sims cannot recover as aforesaid, because the negligence if found by the jury on the part of Michael Sims is a bar to his recovery against the defendant. The jury are not permitted to consider the degree of negligence or whether one of the drivers in this case was more or less negligent than the other."

864

repetition of what already had been said by the court, as is shown by its closing words, "as indicated in this instruction." It is our view that the court adequately covered the subject of contributory negligence.

With respect to the contention that it was error to permit Sims to say his injuries were permanent, when permanency of injury was not noted in the pre-trial order as being claimed by him, it is enough to say that we do not observe in the transcript any statement by Sims that he had been permanently injured.

■ The final point of the appellant is that the verdicts were excessive. Be that as it may, this court is without authority to review on that score.[2]

Affirmed.

[2] Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 77 L.Ed. 439; Washington Times Co. v. Bonner, 66 App.D.C. 280, 293, 86 F.2d 836, 849, 110 A.L.R. 393; Dean v. Century Motors Inc., App.D.C., 154 F.2d 201.