**Lillian GRITZ and Freda Chernikoff, Appellants,**

v.

**HOT SHOPPES, Inc., a body corporate, Appellee.**

**No. 1673.**

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 29, 1955.

Decided Sept. 23, 1955.

---

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellants.

William H. Clarke, Washington, D. C., with whom Richard W. Galiher, Washington, D. C., and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This action was brought to recover damages allegedly sustained by plaintiffs in eating food while customers in defendant's restaurant. From a verdict and judgment awarding plaintiffs $1 each, they bring this appeal.

The record shows that on July 8, 1954, plaintiffs visited defendant's restaurant and were served waffles. Plaintiffs testified that the waffles "tasted and smelled like they contained carbolic acid"; that each of them consumed approximately one-half waffle while noticing the peculiar taste and odor; that they received burns about the mouth and became ill, requiring the services of a physician for several weeks and incurring medical bills and taxi fares to their doctor's office, and cost of the services of a maid during their illness. The doctor who treated them on the morning after their visit to defendant's restaurant testified that his treatment extended for a period of approximately three weeks, that he treated plaintiffs for acute gastritis or food poisoning, and that, in his opinion, based on statements given by plaintiffs, the diagnosed condition was caused by food consumed at defendant's restaurant. A witness who accompanied plaintiffs on their visit to defendant's restaurant testified that she was away from the table when the waffles were being partially consumed, but that on her return she found the plaintiffs ill, and that plaintiffs were ill during the next several weeks.

Defendant's manager testified that approximately one hundred other waffles were served customers at this restaurant that evening without complaint; that when plaintiffs complained he inspected the waffles involved and made inquiries of other customers then eating waffles; that at plaintiffs' request he took them into the kitchen and showed them the waffle mix; and that he saw an employee eat part of the actual waffle about which plaintiffs had complained, and such employee suffered no ill effects. Another employee testified that he mixed the waffles which were served plaintiffs, and that after the complaint he tasted the mix and it had no unusual taste or odor. He further testified to the cleanliness of the various containers used and to the fact that only water was added to the mix. Another employee testified that he tasted the remnant of one of the waffles served plaintiffs and detected no unusual taste and suffered no ill effects.

The case was submitted to the jury with instructions not here questioned. After deliberating several hours the jury were excused until the following day when they returned and deliberated from 10:00 a. m. until approximately 3:00 p. m. The trial judge then delivered the "Allen charge" after which the jury again retired and returned at 4:00 p. m. with a verdict for plaintiffs of $1 each.

We are asked by plaintiffs to review the verdict of the jury and to say that it was so inadequate as to demonstrate that it was the result of passion and prejudice, and to

rule that the trial court abused its discretion in its refusal to grant a new trial.

Without deciding the power of this court to review the verdict of the jury on the sole question of inadequacy, we are convinced that the record does not establish inadequacy of verdict. The issues of injury and the extent of injury were strongly contested and the jury evidently found that plaintiffs had suffered no substantial injury. Perhaps the jurors, or some of them, had doubts as to whether any injury had been suffered. Under these circumstances it is not for this court to say that the jury should have awarded a greater amount.

In Chambers v. District of Columbia, 44 App.D.C. 331, 332, where a jury in a personal injury case awarded plaintiff damages of one cent, the court in affirming said:

"From the verdict, the jury found against defendant on the question of negligence. There was a sharp conflict in the evidence as to whether plaintiff sustained any injury. The question of damages, should the negligence of defendant be found, was fully and fairly presented to the jury by the trial court. Upon the evidence, therefore, it must be assumed that the jury found that the injuries plaintiff sustained were of so trivial a character as not to justify a substantial award; hence the verdict awarding her nominal damages. The evidence was sufficient to justify the conclusion reached by the jury that no substantial injury was sustained by plaintiff, and there is no apparent reason for judicial interference on the ground that the damages are inadequate."

In Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 484–485, 53 S.Ct. 252, 255, 77 L.Ed. 439, where in a breach of contract action the jury awarded plaintiff $1 in damages, the court said:

"To regard the verdict as inconsistent on its face is to assume that the jury found for the plaintiff and failed to perform its task of assessing damages. The trial judge was not obliged so to regard the verdict. The defendant had insisted upon several defenses and had set up a counterclaim. The plaintiffs were not entitled to a directed verdict. The evidence was voluminous; and, on some issues at least, conflicting. The instructions left the contested issues of liability to the jury. The verdict may have represented a finding for the defendant on those issues; the reason for the award of nominal damages may have been that the jury wished the costs to be taxed against the defendant. The defendant did not complain of the verdict. The record before us does not contain any explanation by the trial court of the refusal to grant a new trial, or any interpretation by it of the jury's verdict. In the absence of such expressions by the trial court in the case at bar, the refusal to grant a new trial cannot be held erroneous as a matter of law. Appellate courts should be slow to impute to juries a disregard of their duties, and to trial courts a want of diligence or perspicacity in appraising the jury's conduct."

The verdict of the jury, based as it was on conflicting evidence, had the sanction of the trial court which denied a motion for new trial. We see no abuse of discretion.

Affirmed.