**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**Ludwic FUSILIER, Appellee.**

**No. 17000.**

United States Court of Appeals Fifth Circuit.

June 9, 1958.

Edward Dubuisson, Opelousas, La., M. Truman Woodward, Jr., New Orleans, La., for appellant.

J. Nilas Young, Eunice, La., and L. O. Fusilier, Ville Platte, La., for plaintiff-appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.

PER CURIAM.

On April 10, 1957 the jury returned a general verdict for the plaintiff, Fusilier, for $5,000 accompanied by answers to two special interrogatories, (1) was the defendant Railroad guilty of negligence which was a proximate cause of the accident in suit and (2) was the plaintiff guilty of such negligence, both of which were in the affirmative. Thus, under Louisiana law which makes contributory negligence a complete bar to recovery by a plaintiff, a clear conflict between the general and special verdicts was disclosed. After further instruction to the jury and conference between court and counsel, the trial court, expressly exercising its discretion under F.R.C.P. 49 (b), 28 U.S.C.A., ordered a new trial on its own motion. The reason assigned by the District Court for this action was that there could be no question that there was confusion in the minds of the jury after long deliberation which made it apparent that the real intent was in accord with the general verdict. It is from this order that appeal is sought.

The parties briefed and argued the case on the intrinsic merits, the defendant-appellant claiming that an instructed verdict ought to have been granted, and plaintiff-appellee denied this and contended as well that the discretionary granting of a new trial sua sponte is not generally reviewable, Fairmont Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439. We do not get that far.

Appeal on such an order cannot be maintained. Appeal must be based upon a final judgment below. 28 U.S.C.A. §§ 1291, 1292; Milprint, Inc., v. Donaldson Chocolate Co., 8 Cir., 222 F.2d 898, 902; Bass v. Baltimore & O. Terminal R. Co., 7 Cir., 142 F.2d 779; Aubertin v. State Farm Mutual Automobile Ins. Co., 5 Cir., 252 F.2d 96. There is no such judgment here. The appeal is therefore dismissed.

Appeal dismissed.