William L. BROWN and Maude C. Brown, Plaintiffs,

v.

HOLLAND FURNACE COMPANY, a corporation, Defendant.

Civ. A. No. 13901-4.

United States District Court
W. D. Missouri, W. D.

Feb. 21, 1963.

Williams, Norton & Pollard, by Wilbur L. Pollard, North Kansas City, Mo., for plaintiffs.

Shughart, Thomson & Kilroy, by John R. Caslavka, Kansas City, Mo., for defendant.

BECKER, District Judge.

This is a civil action in two counts to recover damages for personal injuries of the plaintiff William E. Brown (Count I) and for property damage suffered by the plaintiffs (Count II) as a result of an explosion or fire in or around a Holland Furnace sold, installed and serviced by the defendant. It was proved to the satisfaction of the jury that the fire or explosion was caused by the negligence of the defendant. The jury returned a verdict for the plaintiffs in the amount of $500 for personal injuries on Count I and in the amount of $2,000 for property damage on Count II.

The plaintiffs have filed a motion for a new trial on Count I on the issue of damages only, alleging that the damages awarded thereon are inadequate.

■ There was uncontradicted evidence of a serious prior personal injury to the plaintiff William L. Brown for which he claimed and was paid several thousands of dollars for personal injuries. This prior injury could have been found by the jury to account for many of the symptoms and complaints for which recovery was sought on Count I herein. The credibility of the plaintiff and of his medical evidence, in respect to the existence and cause of the most serious of the personal injuries claimed to have resulted from the fire or explosion involved in this case, was for the jury.

■■ If the trial had been before the Court, without a jury, and liability found, the Court would have allowed a greater sum for personal injuries and a lesser sum for property damage. However, in the absence of prejudicial error or misconduct, a disagreement between the Court and the jury about the amount of damages is not ordinarily grounds for a new trial on the issue of damages. Fornwalt v. Reading Co. (E.D.Pa.) 79 F. Supp. 921, l.c. 923–24. So long as the finding of the jury is supported by a reasonable view of the evidence in the light most favorable to the prevailing party, the verdict should not be set aside, in the absence of prejudicial error or misconduct. Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150 (inadequacy claimed); Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439 (inadequacy claimed); Peitzman v. City of Illmo (C.A. 8) 141 F.2d 956, l.c. 963, cert. den., 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577, reh. den., 323 U.S. 813, 65 S. Ct. 112, 89 L.Ed. 647 (excessiveness claimed); 15 Am.Jur. Damages § 205 pp. 621–24 (excessive damages); 15 Am. Jur. Damages § 231, pp. 663–65 (inadequate damages). This is such a case.

This rule is embodied in the Seventh Amendment to the Constitution of the

United States which guarantees the right to trial by jury in civil cases:

> "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by a jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

In the absence of prejudicial error or misconduct, only when the amount of damages awarded by the jury is so excessive or inadequate as to be unwarranted by the evidence and to "shock the conscience"[1] of the Court, or appears to be the result of passion, prejudice, corruption or disregard of the law should the verdict of the jury be set aside.

In this case before trial counsel for the plaintiffs negotiated a proposed settlement for $4,500 and repeatedly advised the plaintiffs to accept it. The plaintiffs refused to act on this advice.

After hearing most of the medical evidence, the Court, at the request of counsel, conferred with plaintiffs privately in chambers and suggested that plaintiffs follow the advice of their counsel and accept the proposed settlement. The Court pointed out to plaintiffs that the findings of a jury are often unpredictable, and that the verdict in this cause could be against the plaintiffs or for a lesser sum than the proposed settlement. Plaintiffs' attention was invited to the professional skill and high standing of plaintiffs' counsel. Plaintiffs were advised by the Court that clients should ordinarily follow the advice of their chosen counsel in matters involving professional judgment. All this advice was ignored. Now the plaintiffs ask the assistance of the Court in setting aside the jury's verdict. It is regretted that under the law the Court cannot now help the plaintiffs.

It is a continued source of amazement to the Courts, and the trial bar that litigants involved in a damage suit who would not wager two dollars on a horse race will wager thousands of dollars on the outcome of a jury trial against the advice of their own counsel. During trial the Court made every permissible effort to suggest that the plaintiffs were making a mistake. The plaintiffs persisted, nevertheless, to demand a finding of the jury by which they are now bound.

For these reasons it is

ORDERED that the plaintiffs' motion for a new trial on Count I on the issue of damages only be, and it is hereby overruled.

---

1. Shehee v. Aetna Casualty & Surety Co. (W.D.La.) 122 F.Supp. 1, l. c. 7–8.