BOARDMAN, Judge.
Appellants, defendants in the trial court, were charged in a four-count indictment with certain criminal offenses, hereinafter to be set forth. Each of the appellants, McGee, Williams and Faison, were charged in Count 1 with rape and in Count 2 with robbery. McGee and Faison were charged in Count 3 with murder and in Count 4 with conspiracy to commit robbery. The alleged offenses were committed on separate dates and perpetrated upon different victims (the rape and robbery being committed on the same night with the robbery of the husband having been completed, and subsequently, and at another place, the wife of the robbery victim was raped). The appellants were represented by the public defender. Each pled not guilty to the offenses charged.
On the day of trial, the public defender filed a motion to elect on behalf of all of the accused. The trial court denied the said motion. The case proceeded to trial before a jury against all of the appellants. At the conclusion of all the evidence, and after both sides announced that they had rested their case, the public defender timely filed a motion for directed verdict of acquittal in behalf of all defendants. The trial court granted the said motion in favor of appellant Faison as to Counts 1 and 2. There was not one shred of evidence con *143 necting Faison with the rape and robbery. The said motion was denied as to the remaining defendants.
The jury returned its verdict of not guilty in behalf of appellants, McGee and Faison, as to the murder charged in Count 3. However, each was convicted of the charge of conspiracy to commit robbery alleged in Count 4. The trial court adjudicated the appellants guilty and sentence was imposed as follows:
For the offense of rape and robbery, McGee and Williams were sentenced to serve two consecutive life sentences in the state penitentiary.
For the offense of conspiracy to commit robbery, McGee was sentenced to serve 15 years in the state penitentiary, the sentence to run consecutively to that imposed against him for the rape and robbery.
Faison was sentenced to serve 10 years in the state penitentiary for his participation in the conspiracy charge.
Each of the appellants filed timely appeals.
We have reviewed the record, consisting of approximately 600 pages of testimony; read the briefs of the parties; oral argument was waived. The record shows that the evidence offered in support of the state’s case was convincing and overwhelming against the appellants, McGee and Williams, as to Counts 1 and 2, proving that they were guilty as charged therein. Likewise, there is sufficient, competent evidence of the essential elements of the offense charged in Count 4, i. e., the conspiracy to commit robbery against McGee and Faison, and shows beyond any reasonable doubt that the appellants are guilty as charged and the jury correctly so found. See Glasser v. United States, (1941) 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.
We have reviewed the points raised on appeal, and, after due consideration, believe they are without merit. The only question that causes us concern is whether Faison received a fair and impartial trial. The public defender in his brief filed on behalf of appellant, Faison, contends that he was found guilty by association. If the record substantiated this assertion we would, of course, without any hesitation, reverse his conviction, judgment and sentence. We are of the view that this contention raised in behalf of appellant, Fai-son, is not well founded. As stated previously, the trial court granted the motion for directed verdict of acquittal as to Counts 1 and 2 in favor of Faison. The jury found that Faison was not guilty of the murder charged in Count 3. The jury did determine, however, that he was guilty of the conspiracy to commit robbery in Count 4. It is crystal clear from an examination of the verdicts returned by the jury that it was most discerning and painstaking in its deliberations. We pause to .add that the jury could very well have found Faison guilty of murder charged in Count 3 on the basis of the testimony adduced in support thereof by the state. It was the prerogative of the jury in exercising its traditional role of trier of the facts to determine, based on the evidence before it, that Fai-son was guilty of conspiracy to commit robbery. The conviction is based both on direct and circumstantial evidence and was sufficient to support the verdict of guilty.
We have read the instructions closely and believe that they were proper and thorough and we do not find that the jury was confused, misled, or influenced by erroneous considerations which were prejudicial to the rights of the appellants. Upon inquiry from the trial court, neither counsel requested additional jury instructions. Our jury system is based upon the assumption that juries will endeavor to follow the court’s instructions. The Supreme Court of the United States in the case of Fairmount Glass Works v. Cub Fork Coal Company (1932) 287 U.S. 474, p. 485, 53 S.Ct. 252, p. 255, 77 L.Ed. 439, stated:
Appellate courts should be slow to impute to juries a disregard of their duties, and to trial courts a want of diligence or *144 perspicacity in appraising the jury’s conduct.
The record demonstrates that the trial judge very carefully and most impartially conducted the trial and the appellants were accorded a fair trial and their constitutional guarantee of due process was protected and safeguarded. As the Supreme Court of the United States has held, the defendant is entitled to a fair trial, not a perfect one.
Accordingly, the convictions, judgments and sentences are
Affirmed.
HOBSON, Acting C. J., concurs.
MANN, J. (Ret.) dissents with opinion.