**C. Stanley BAKER, Appellant,**

v.

**AMERICAN SURETY COMPANY,
Appellee.**

**No. 25251.**

United States Court of Appeals
Fifth Circuit.
July 1, 1968.

John N. Gallaspy, Bogalusa, La., for appellant.

Marcel Livaudais, Jr., George M. Leppert, Loeb, Dillon & Livaudais, New Orleans, La., for appellee.

Before JOHN R. BROWN, Chief Judge, DYER, Circuit Judge, and GARZA, District Judge.

PER CURIAM:

This cause is before us on an appeal by the Appellant Baker, plaintiff below, from a judgment entered by the trial court notwithstanding a jury verdict in his favor.

The Appellee is the general liability insurer of Alco Paper Company on whose premises the Appellant was injured.

Appellant Baker sustained a fall, fracturing his left knee, when making his exit from the Alco Paper Company premises in New Orleans through the freight door situated at one end of their premises.

The Appellee, defendant below, denied negligence and alternatively pleaded contributory negligence.

The case was tried before a jury, which resulted in a jury award in favor of Appellant in the amount of $43,000.00 with interest and costs. The award was subject to being reduced to the policy limit of $20,000.00.

After the jury verdict had been received and entered the defendant moved to set aside the verdict of the jury and alternatively for a new trial.

The court below entered an order setting aside the jury verdict and entering judgment in favor of the Appellee and further stated that in the event of reversal on appeal he was granting the motion for new trial.

The reason the court below gave for setting aside the jury verdict was that Appellant Baker had been contributorily negligent as a matter of law.

After reading the record in this cause and the Louisiana cases cited by the parties, we are convinced that the issue of whether Appellant Baker was contributorily negligent or not was one for the jury to decide, especially if we apply the federal test for sufficiency of the evidence in creating a jury issue. The jury decided the issue in favor of the Appellant, and the court was without authority to set aside the verdict on this point.

The court below alternatively granted a motion for new trial. This is not an appealable order at this stage. Missouri Pacific Railroad Co. v. Fusilier, 256 F.2d 278 (5 Cir., 1958).

Appellant here also complains that the court below erred in holding that Section 11–17 [1] of the New Orleans Municipal Code did not apply in this case. The ordinance refers to openings in a floor or similar walkway surface. We fail to see where it has any bearing in this case. The court below was correct in its holding.

The judgment for the Appellee is hereby reversed for a new trial in accordance with the order of the court below.

---

1. Section 11–17 of the New Orleans Municipal Code reads as follows:
   "The occupant of any store, storehouse, manufactory or other building in which hatchways, hoistways or openings of any kind, except the usual stairways, are used throughout any floor thereof or, in case such building is unoccupied and not leased, the owner thereof shall cause such hatch, hoistway or other openings to remain closed or protected by a railing at least three feet high and to be opened only when needed for the passage of merchandise and such occupant, owner or lessee shall cause such railing to be securely shut, closed or fastened at the close of each day."