**PORTMAN v. AMERICAN HOME PRODUCTS CORP.**

No. 58, Docket 22348.

United States Court of Appeals,
Second Circuit.

Argued Nov. 7, 1952.

Decided Jan. 27, 1953.

Harold S. Glendening, New York City, Cahill, Gordon, Zachry & Reindel, New York City, for plaintiff-appellant, John H. Clark, III, New York City, of counsel.

Bernard Phillips, New York City, Gordon, Brady, Caffrey & Keller, New York

City, for defendant-appellee, Herman Keller and Gilbert S. McInerny, New York City, of counsel.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a judgment for the defendant in an action to recover for services rendered to the defendant in bringing to its notice another corporation that the defendant proved ready to acquire, and in securing its acquisition by the defendant. The answer denied that there had been any such contract and the case was first tried to a jury before Judge Samuel H. Kaufman. That jury returned a verdict for the plaintiff which Judge Kaufman, D.C., 98 F.Supp. 494, 496, set aside because it was "against the weight of the evidence"; and upon a second trial before Judge Irving R. Kaufman a second jury brought in a verdict for the defendant on which that judge entered the judgment appealed from. The plaintiff argues, first, that Judge Samuel H. Kaufman's order, setting aside the verdict was wrong; that it is reviewable upon this appeal; and that the judgment should be reversed and a judgment entered in his favor upon the first verdict. He next argues that, if he does not succeed upon this point, the judgment should be reversed and a new trial ordered, because of errors in the admission and rejection of evidence upon the second trial. It will be most convenient to treat separately these two positions, reserving a statement of the facts on which the second depends until we have disposed of the first.

■■ It is of course true that the plaintiff could not appeal from the interlocutory order setting aside the verdict on the first trial; moreover the usual rule is that errors made at any stage of an action are reviewable upon appeal from a final judgment, provided they were not reviewable before. However, there may be errors that are not reviewable at all, and among those that are not are erroneous orders granting or denying motions to set aside verdicts on the ground that they are against the weight of the evidence. In the often cited decision of Fairmount Glass Works v. Cub Ford Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 254, 77 L.Ed. 439, the Supreme Court, after declaring that it would not itself "review the action of a federal trial court in granting or denying a motion for a new trial for error of fact", added: "The rule precludes likewise a review of such action by a Circuit Court of Appeals", and in a footnote cited a copious number of such decisions. The Court has recently reaffirmed the rule in United States v. Johnson, 327 U.S. 106, 111, 66 S.Ct. 464, 90 L.Ed. 562, as we have ourselves in Binder v. Commercial Travelers Mutual Accident Association, 2 Cir., 165 F.2d 896, 902. It is too well established to justify discussion. Since the order was not appealable, because the judge decided that the verdict was against the weight of the evidence, we need not consider whether it was not in any event right on the merits, because of a ground on which he did not rest it: i. e. that the bailiff who had the jury in charge told the forewoman that the jury must come to an agreement.

■ We come therefore to the conduct of the second trial. The plaintiff alleges that there were four erroneous rulings upon the evidence: three in admitting what was irrelevant; one in excluding what was relevant. As we have said, the action was to recover for services rendered by the plaintiff in finding a subsidiary corporation acceptable to the defendant, and in helping the defendant to acquire all its shares. The complaint was in two counts: the first alleged that the defendant "engaged the services" of the plaintiff in February, 1944, and promised to pay him their "reasonable value"; the second was different only in alleging that the defendant "requested" the plaintiff to do the same work, and in not alleging any promise by the defendant, but in supplying the omission by alleging that the plaintiff expected to be paid and that the defendant knew that he so expected. The first error is alleged to have been as follows: Brush, the chairman of the defendant's board, was permitted to testify that he had never al-

lowed any "finder's fee" to an employee, although on twenty-two other occasions employees of the defendant had brought companies to the defendant's notice that it later acquired. The judge excluded this testimony in support of the first count, but admitted it in support of the second, because that was in "quasi-contract," and the testimony was relevant to the defendant's "intent." In his charge he distinguished between the counts, describing the issue under the second in these words: "whether the plaintiff reasonably expected to be paid in addition to his salary and whether the defendant reasonably expected to pay plaintiff in addition to that salary" what we may call a "finder's fee." Later he said that the plaintiff had the burden of proof on that issue. As of August 1, 1944, the plaintiff accepted employment from the defendant, as a vice-president and director of one of its subsidiaries, and at that time he had not completed the services for which he is claiming here. Since the second count does not allege a counter promise by the plaintiff, it must be read as alleging a unilateral contract in which a promise by the defendant, though not express, was to be implied from a request. The verdict on the first count must be taken as showing that there was no exchange of express promises; and, if so, the plaintiff had earned nothing on August 1, 1944, for the consideration for a unilateral promise is complete performance. When he accepted office on that day, he did not try to learn whether the salary he was to get was intended to cover all services that he was to perform, or what those services were, nor did he at any time thereafter try to do so. The jury had to say what was the "reasonable" meaning to impute to both parties, and it was certainly permissible for them to find, not only that the defendant supposed that the plaintiff assumed that the job offered to him was the job as the defendant had theretofore carried it on, but also that the plaintiff understood this to be the defendant's meaning, or if he did not, that it was not "reasonable" for him to accept it without inquiry. This was certainly a permissible interpretation

for the jury to put on the charge, and neither side asked for any more specific instructions. If the jury did so construe the instruction, it was clearly relevant for the defendant to show that the salary for the job had always included such services as the plaintiff was asking to be paid for. Hence the testimony was relevant on the second count.

■ The second alleged error was in admitting a letter written by Brush to the president of the company whose shares the defendant was seeking to acquire. This letter was admitted on the theory that Brush later disclosed its contents to the plaintiff; but it did not need that support, for it was relevant as such. The plaintiff was suing for the value of his services in helping the defendant to get the shares, and the letter was a part of the negotiations between the buyer, the defendant, and the seller—the owners of the shares. Any negotiations between the two were relevant in appraising the plaintiff's contribution to the eventual purchase of the shares and therefore to the value of his services. It was relevant as such, and not to prove any of the facts that it recited, as to which it was indeed hearsay except as the plaintiff might admit their truth when Brush told him of the contents. It would be indeed a strange notion that in estimating the reasonable value of the plaintiff's services in bringing about the sale, the defendant should be prevented from showing what was its own part in the result. It is true that the plaintiff argues that there was a passage in the letter which might be taken as a declaration relevant as evidence on the main issue; but we need not go into that question, for if the passage was relevant only as hearsay, it was the plaintiff's duty to point it out and ask that that part of the letter should be excluded. He did nothing of the kind, but insisted upon the exclusion of the whole letter.

■ The next alleged error was that an "expert witness" was allowed to give his opinion that if it was a part of the plaintiff's duties as the defendant's employee to look out for any desirable companies which

could be added to its business, and to help secure them if the defendant wished them, he could recover nothing for doing so. The testimony was indeed incompetent, because it had nothing to do with the facts; it was a statement of law, but it chanced to be true. The defendant could have asked the judge so to charge the jury, and the judge would, or at least should, have complied. It would. be absurd to hold it reversible error that a witness was allowed to express as his opinion what was a true and relevant statement of the rights and duties of the parties.

■■ The fourth and last alleged error was the exclusion of a document in several sheets prepared by Margolin, the plaintiff's lawyer, at the time when the "option" was drawn up which was executed on February 18, 1944, and by which the defendant later took over the plaintiff's company. This was offered in evidence for two reasons: (1) that it refreshed the plaintiff's memory as to the negotiations which accompanied the preparation of the option and helped to explain some supposed inconsistencies in the plaintiff's testimony; and (2) that it was in any case a declaration before he had any motive to fabricate and was therefore competent to support his testimony which the defendant was seeking to discredit. There was testimony that one sheet was submitted to the defendant's representatives during the negotiations, and an item out of this the judge admitted. So far as the document was admissible as part of the transaction between the parties the plaintiff did not press for more than he was given. However, that is a different matter from whether any part of it should have been admitted for the two reasons that we have mentioned. It is indeed true that, if a witness says that anything in fact refreshes his memory he may use it, however irrelevant it may be in fact. But if it is a document, it does not itself go before the jury, unless the other side puts it in. United States v. Rappy, 2 Cir., 157 F.2d 964, 967, Wigmore, § 763. Hence the document was not admissible because of the first ground, for the defendant did object to its introduction. So far as

concerns the second ground, no part of it was probative of the issue except possibly the item we have mentioned, and that was admitted anyway. The objection could at most have only the faintest tinge of substance, if it had been valid, and would not have justified a reversal. The case was tried with painstaking care, and there is not the slightest reason to suppose that the plaintiff did not have a fair trial.

Judgment affirmed.