**Otis W. SPINKS, Plaintiff,**

v.

**UNITED STATES LINES COMPANY, Defendant.**

United States District Court
S. D. New York.

Sept. 6, 1963.

Donald E. Klein, Schwartz & O'Connell, New York City, for plaintiff.

Thomas R. McLoughlin, Kirlin, Campbell & Keating, New York City, for defendant.

BONSAL, District Judge.

Plaintiff moves under Fed.R.Civ.P. 12 (f) to strike the fifth defense from defendant's answer. Plaintiff alleges he was injured while employed as a crew member aboard defendant's ship. He seeks damages for personal injuries for negligence under the Jones Act (46 U.S.C. § 688) and for unseaworthiness under the general maritime law. The fifth defense is as follows:

> "NINETEENTH: That the plaintiff's employment aboard the SS SOUTHSTAR was procured by fraud in that at or before the time of plaintiff's hiring, plaintiff knew he was bodily and physically unfit and unable, then and throughout the voyage, for the duties which he undertook to perform, all of which he concealed from the defendant.

> "If the plaintiff had made known to the defendant his true physical condition, he would not have been employed aboard the SS SOUTHSTAR."

This defense seeks to establish that plaintiff was not a bona fide crew member of defendant's ship, and hence is not entitled to recover under the Jones Act and the general maritime law. Plaintiff asserts, however, as the basis of his motion that the fraud attributed to him in the fifth defense cannot impair his status as a crew member for purposes of this action.

The parties recognize that Still v. Norfolk & Western Ry. Co., 368 U.S. 35, 82 S.Ct. 148, 7 L.Ed.2d 103 (1961) controls this motion. Still resolved the inconsistency between Minneapolis, St. P. & S.

---

Ste. M. Ry. Co. v. Borum, 286 U.S. 447, 52 S.Ct. 612, 76 L.Ed. 1218 (1932), in which plaintiff had lied about his age in obtaining his job, and was permitted to recover, and Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Rock, 279 U.S. 410, 49 S.Ct. 363, 73 L.Ed. 766 (1929), in which plaintiff had obtained his job by procuring someone to take a physical examination in his place, and was denied recovery.

In Still the Court followed Borum and restricted Rock "to its precise facts". Plaintiff in Still had obtained his job by means of false representations regarding his health. The Court held that plaintiff was an employee notwithstanding this fraud, and that he could recover under the FELA if he suffered injuries due to the defendant's negligence. It reversed the verdict the trial court had directed for the defendant on its plea of fraud and remanded the case for a new trial.

The Court stated, 368 U.S. at 44–45, 82 S.Ct. at 153–154, 7 L.Ed.2d 103:

"In the face of the legislative policy embodied in the Federal Employers' Liability Act that a railroad should pay damages to its workers and their families for personal injuries inflicted by the railroad's negligence upon those who perform its duties, considerations of public policy of the general kind relied upon by the Court in Rock cannot be permitted to encroach further upon the special policy expressed by Congress in the Act. To facilitate this congressional policy, the terms 'employed' and 'employee' as used in the Act must, in all cases not involving the precise kind of fraud involved in Rock, be interpreted according to their ordinary meaning, and the status of employees who become such through other kinds of fraud, although possibly subject to termination through rescission of the contract of employment, must be recognized for purposes of suits under the Act. And this conclusion is not affected by the fact that an employee's misrepresentation may have, as is urged here, contributed to the injury or even to the accident upon which his action is based."

Still was an FELA case. However its holding is equally applicable to claims under the Jones Act, Gypsum Carrier, Inc. v. Handelsman, 307 F.2d 525, 529–531 (9th Cir., 1962), and for unseaworthiness. It would be anomalous if recovery for unseaworthiness were to be limited to a greater extent than recovery under the Jones Act. Cf. Mahnich v. Southern S. S. Co., 321 U.S. 96, 102–104, 64 S.Ct. 455, 321 U.S. 96 (1944).

Defendant reads Still to hold only that the issue raised by a defense of fraudulent concealment raises a question for the jury. Still does not bear this reading. It is true that Mr. Justice Frankfurter, concurring in the judgment for a new trial, thought the fraudulent misrepresentation raised an issue for the jury. But the majority did not accept this view.

The unmistakable import of Still is that "the trial court in an action brought under the Federal Employers' Liability Act should not * * * [permit] the defendant to plead a misrepresentation made by the employee to the railroad company at the time of hiring, whether or not that misrepresentation had a causal relation with the injury involved." Taylor v. Elgin, Joliet & Eastern Ry. Co., 33 Ill.App.2d 64, 178 N.E.2d 704, 713 (1961).*

Plaintiff's motion to strike the fifth defense is granted.

Settle order on notice.

---

* Of course, the Court recognized in Still that evidence of the misrepresentation may be relevant "on the issue of whether the injury complained of was caused by the [defendant's] negligence 'in whole or in part' by tending to show either that the worker was not injured by the [defendant] at all), that, if injured, the [defendant] was not responsible for the full extent of the injury, or that damages should be diminished by the jury because of contributory negligence." 368 U.S. at 46, note 14, 82 S.Ct. at 154, 7 L.Ed. 2d 103.