Michael A. **CUTTER**, Plaintiff-Appellee,

v.

**CINCINNATI UNION TERMINAL CO.,**
Defendant-Appellant.

No. 16369.

United States Court of Appeals
Sixth Circuit.

June 18, 1966.

**638**

Philip J. Schneider, Cincinnati, Ohio, for appellant. Waite, Schindel, Bayless & Schneider, on the brief.

Alex S. Dombey, Columbus, Ohio, for appellee.

Before WEICK, Chief Judge, O'SULLI-VAN, Circuit Judge, and McALLISTER, Senior Circuit Judge.

O'SULLIVAN, Circuit Judge.

Defendant-Appellant, Cincinnati Union Terminal Company, appeals from a $60,-000 judgment entered against it in an FELA case upon a jury verdict. The case was submitted without an intervening motion for a directed verdict. The errors assigned here are the denial of a motion for new trial on the ground that the verdict was without any evidentiary support, was against the weight of the evidence, was the result of passion and prejudice, and that the District Judge erred in his charge.

### 1. Sufficiency of the evidence.

■ Defendant made neither a motion for a directed verdict nor a motion n. o. v. upon a claim of insufficiency of the evidence. Aside from our view that there was evidence to go to the jury, as that evidence is detailed hereinafter, we do not consider that this Court could now order the entry of a judgment for defendant. Johnson v. New York, N. H. & H. RR., 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77 (1952); Nailling v. United States, 124 F.2d 431 (CA 6, 1941) cert. den. 316 U.S. 675, 62 S.Ct. 1043, 86 L.Ed. 1749; Southeastern Greyhound Lines v. McCafferty, 169 F.2d 1 (CA 6, 1948) cert. den. 335 U.S. 861, 69 S.Ct. 136, 93 L.Ed. 407, see also Moore, Federal Practice, ¶ 50.05, 50.08.

### 2. The weight of the evidence.

There was evidence from which the jury could find the following facts. An accident occurred on October 12, 1959, when plaintiff, Michael Cutter, an employee of appellant railroad, slipped and fell off the elevated platform of a hydraulic lift truck belonging to appellant. Cutter and a co-worker had been in the process of mounting a one hundred and twenty-three pound, six foot high fan into the rear of a stationary freight car. Cutter slipped and fell while stepping down from the platform (approximately thirty-four inches high) after pushing the fan off onto the freight car.

Some ten minutes later, Cutter reported the accident to his foreman, and signed a "Report of Injury" describing his injury as a "strained arch on right foot." He also admitted therein that he had violated company safety rules, and that the accident was not due to any defect in the equipment.

At trial, Cutter described the accident as caused by grease and oil which had been left on the platform, and on which he had slipped, catching his left foot in the truck rigging, and falling back onto his head and shoulders. Cutter testified that he had called his foreman's attention to the presence of the grease, but was told to go ahead because the foreman wanted the job finished in a hurry. There was also evidence that he had had several previous injuries to his back, which had not up to that time resulted in any serious disability.

There was testimony from Cutter's family physician that about two months after the accident Cutter began to complain of numbness in his right arm and hand (later attributed to cervical nerve pressure) and also pain in the cervical region and pain when he tried to move his right shoulder. Another medical expert who had examined and treated plaintiff beginning in September, 1961, was asked a hypothetical question as to a connection between Cutter's disabilities and the fall on October 12, 1959. He answered that to a "medical certainty" Cutter's condition was the result of an

"aggravation of arthritic change in the cervical spine." While somewhat unclear, we think this testimony may be fairly read as the doctor's opinion that Cutter's disabilities were the result of an aggravation inflicted by the accident of October 12, 1959.

The evidence for appellant, Cincinnati Union Terminal, strongly controverted the foregoing. In addition to the report signed by Cutter himself, there was testimony from Cutter's co-worker that there had been no grease or oil on the platform. Further, although complaining of some symptoms which could conceivably have been caused by a nerve injury in his upper back, it was not until July 24, 1961, that Cutter informed his doctor that he had fallen on his back in 1959. Additionally, there was a discrepancy between Cutter's initial description of the accident as a strained arch in his *right* foot, and his later testimony that he had caught his *left* foot in the rigging, explaining a condition in the latter foot which would be consistent with this second story.

Nevertheless, upon an instruction relating to the aggravation of a pre-existing condition, the jury found that Cincinnati Union Terminal had been negligent, and that its negligence had resulted in substantial damage to Mr. Cutter. We cannot say that there was no evidence from which the jury could find that Cutter's fall was the result of defendant's negligence and that his disabilities were the consequence of injuries then experienced by him.

█ Whether a jury's verdict is against the great weight of the evidence is a matter for the discretion of the trial judge. Felton v. Spiro, 78 F. 576, 581 (CA 6, 1897); Trice v. Commercial Assur. Co., 334 F.2d 673, 677 (CA 6, 1964); see also Portman v. American Home Products Corp., 201 F.2d 847, 848 (CA 2, 1953); Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 77 L.Ed. 439 (1933). This is not to say that where a verdict is without any evidentiary support, we would be powerless to intervene. Felton v. Spiro,

supra, 78 F. at 581; Indamer Corp. v. Crandon, 217 F.2d 391, 394 (CA 5, 1954).

From our review of the record we unhesitatingly observe that a jury could easily have concluded that plaintiff's testimony as to the circumstances of his claimed accident, and the relation of his present disabilities to the happening of such an accident was pure fabrication. We quite understand the District Judge's reluctant sustaining of the verdict. He stated,

"Here, after careful review *and with some reluctance* it has been concluded that there is sufficient evidence in the record upon which to predicate defendant's liability and that the verdict *is not manifestly against the weight of the evidence.*"

We cannot say that such conclusion was insupportable or that the District Judge's discretion was abused.

3. Excessiveness of the verdict.

█ If negligence of defendant proximately caused plaintiff's disabilities, or by aggravation of previous difficulties brought them about, it was for the jury to set the value of plaintiff's loss. Defendant does not assert that the verdict exceeded a proper measure of plaintiff's loss, but appears to argue that because the evidence of liability and the connection of plaintiff's disability and defendant's tort was so weak, a plaintiff's verdict must have been the product of passion and prejudice. Other than a jury's normal compassion for an injured person, defendant points to no trial event or evidence which might have excited the jury to passion or prejudice.

In all events, the determination of whether a jury's verdict is excessive is resolved by the discretionary consideration of the trial judge. Southern Railway Co. v. Miller, 285 F.2d 202, 206 (CA 6, 1960). Consumers Power Co. v. Nash, 164 F.2d 657, 660 (CA 6, 1947); Cordle v. Allied Chemical Corp., 309 F.2d 821, 826 (CA 6, 1962). Absent clear abuse of discretion, appellate courts will not make their own appraisals. Solomon Dehydrating Co. v. Guyton, 294 F.2d 439,

446 (CA 8, 1961); Agnew v. Cox, 254 F.2d 263, 268 (CA 8, 1958); National Alfalfa Dehydrating & Mill Co. v. Sorenson, 220 F.2d 858, 861 (CA 8, 1955); Sebring Trucking v. White, 187 F.2d 486 (CA 6, 1951).

4. The instructions.

The accused instruction is:

"In determining whether or not the defendant employer was negligent as alleged in the petition, you may treat as the acts of the defendant the acts of any of its agents or employees, other than plaintiff Michael Cutter, done during and within the scope of their employment, including electricians, mechanics, foremen, supervisors and other employees of the Cincinnati Union Terminal Company."

█ Appellant concedes that the instruction was correct as an abstract statement of law but was not applicable to the case on trial. We are hard put to follow appellant's reasoning and it does not persuade us of the claimed impropriety of the instruction. Additionally, we will not consider it, there having been no objection made as required by Rule 51, Fed.R.Civ.P.

The judgment is affirmed.