**Roy L. COMPTON, Plaintiff-Appellee,**
v.
**LUCKENBACH OVERSEAS CORPORATION, Defendant-Appellant.**

**No. 620, Docket 34155.**

United States Court of Appeals,
Second Circuit.

Argued March 20, 1970.

Decided May 1, 1970.

Walter L. Hopkins, New York City (Wilson & Walker, William A. Wilson, Clare E. Walker, New York City, on the brief), for defendant-appellant.

Ned R. Phillips, New York City, Abraham E. Freedman, New York City, on the brief), for plaintiff-appellee.

Before MOORE and FEINBERG, Circuit Judges, and BONSAL,* District Judge.

FEINBERG, Circuit Judge.

Defendant Luckenbach Overseas Corporation appeals from a judgment against it in the United States District Court for the Southern District of New York in the amount of $40,000 in favor of plaintiff Roy L. Compton for injuries allegedly suffered while doing his job as a seaman on defendant's vessel. Luckenbach claims that the trial judge, Walter R. Mansfield, J., erred in denying its motions for judgment notwithstanding the verdict and for a new trial. We affirm the judgment of the district court.

Plaintiff's complaint contained the usual joinder of an action under the Jones Act, 46 U.S.C. § 688, with a claim based upon unseaworthiness. The trial took four days and seven witnesses testified, but the key issue before the jury

---

* Of the Southern District of New York, sitting by designation.

was simple: whether to believe plaintiff's version of how he was injured. Plaintiff testified that he was told to clean up oil drippings in the steering engine room of the vessel, that the excessive oil there made his shoes slippery, that he slipped as he was ascending a metal ladder and that he twisted his knee, striking it on the edge of the stairs and injuring it. The testimony as to the unusual amount of oil on the deck was corroborated by a fellow employee, who attributed the oil to a leak; this was disputed by a witness for defendant. The evidence showed that plaintiff had suffered a prior football injury to his knee and had undergone surgery in August 1961, which plaintiff did not disclose at his physical examination before signing on the vessel. However, plaintiff testified that from the spring of 1962 until the accident in May 1966, the knee had given him no difficulty at all, even when he was engaged in strenuous activity.

There were a number of reasons why the jury might have regarded plaintiff's story of what happened as untrue. There were no eye witnesses to the accident, plaintiff continued to work the balance of the day and did not report the injury until two days later. There is also a conflict as to what plaintiff said even at that time. Plaintiff testified that when he reported for sick call he told his superiors about the accident two days before. The ship's records and an accident report signed by plaintiff showed that plaintiff reported a recurrence of swelling and pain which arose out of the football injury some years before. Plaintiff later signed a second written statement to that effect when the ship returned to New York. Plaintiff said that he signed statements prepared by his superiors or a ship investigator when he was in pain and without reading them.

Clearly plaintiff's case was not strong and all of its weaknesses were fully exposed to the jury by the argument of defendant's counsel. The trial judge fairly presented the issues and the basic question before the jury was whether plaintiff's knee condition was due to a fall as he claimed or to the strain of normal work on a previously injured knee. The jury chose to believe plaintiff.

 We are told that the trial judge had to set aside the jury verdict because the evidence against plaintiff "destroyed his credibility."[1] However, we do not agree. Resolution of issues of credibility is out of place in determining a motion for judgment notwithstanding the verdict; in Jones Act cases at least, the issue is whether, "[looking] only to the evidence and reasonable inferences which tend to support the case of [the non-moving party]," there was sufficient evidence to go to the jury. Wilkerson v. McCarthy, 336 U.S. 53, 57, 69 S.Ct. 413, 415, 93 L.Ed. 497 (1949); Ballard v. Forbes, 208 F.2d 883, 885 (1st Cir. 1954). We agree with the trial judge that under this standard the evidence here was sufficient.

 Appellant also argues that Judge Mansfield erred in not granting a new trial; the claim is that because the judge found defendant's evidence "overwhelming" he was under a positive duty to set the verdict aside. Appellant is apparently arguing that we may set aside a determination by the trial judge that a verdict was not against the weight of the evidence, a proposition not accepted in this circuit. See Portman v. American Home Products Corp., 201 F.2d 847, 848 (2d Cir. 1953).[2] Moreover, without in any way suggesting that we would prefer to modify that rule, we note that Judge Mansfield's holding was within the permissible range of his discretion and we

---

1. Appellant's brief, p. 4.

2. In that case, Judge Learned Hand wrote: [T]here may be errors that are not reviewable *at all,* and among those that are not are erroneous orders granting or denying motions to set aside verdicts on the ground that they are against the weight of the evidence. * * * [This rule] is too well established to justify discussion.

See discussion in Wright, Federal Courts 422–23 (2d ed. 1970).

should not reverse simply because he exercised it one way rather than the other.

■ It may be that appellant is really arguing that the judge applied the wrong standard and thought himself absolutely powerless to weigh evidence on the motion for a new trial. After characterizing the evidence against plaintiff as "overwhelming," and remarking that as the trier of fact he would have decided the case differently, the judge said in a memorandum opinion:

> Our role at this stage of the proceedings, however, is a limited one. We may not disturb the jury's verdict unless there was no substantial evidence to support it. Scintilles [Sentilles] v. Inter-Caribbean Shipping Corp., 361 U.S. 107 [80 S.Ct. 173, 4 L.Ed.2d 142] (1959); Gebhardt v. Wilson Freight Forwarding Co., 348 F.2d 129 (3d Cir. 1965); Creagh v. United Fruit Co., 178 F.Supp. 301 (S.D.N.Y.1959); Wright, Federal Courts, p. 370 (1963). Applying this standard, there was evidence even though extremely thin and tenuous, which, when viewed in the light most favorable to the plaintiff, supports the verdict. Accordingly, we deny the motion insofar as it is based on insufficient evidence.

These observations were addressed both to the motion for judgment notwithstanding the verdict, and to the motion for a new trial. However, by his citations Judge Mansfield made clear his awareness of the full extent of his power to grant a new trial. The decision in *Creagh* in particular had a full discussion of the proper standard to be applied to a motion for a new trial; the opinion closed with an extensive paraphrase and quotation from the following passage in Professor Moore's text:

> The trial judge, exercising a mature judicial discretion, should view the verdict in the overall setting of the trial; consider the character of the evidence and the complexity or simplicity of the legal principles which the jury was bound to apply to the facts; and abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result. The judge's duty is essentially to see that there is no miscarriage of justice. If convinced that there has been then it is his duty to set the verdict aside; otherwise not. [Footnotes omitted.]

6A Moore, Federal Practice 3819 (2d ed. 1966). We have no quarrel with this standard. Nor do we feel justified in assuming that the trial judge did not apply the standard so clearly spelled out in one of the cases he cited on the specific point.

■ Finally, appellant argues that Compton's "fraud" in failing to reveal his prior injury and surgery vitiates his employment contract and destroys his Jones Act claim.[3] Appellant cites numerous authorities about which we pass no comment other than to note that they are all actions for maintenance and cure or unearned wages, which present unique considerations because of the nature of the vessel's liability. In any event, the Supreme Court passed upon the basic question raised and decided it adversely to appellant in Still v. Norfolk & Western Ry., 368 U.S. 35, 82 S.Ct. 148, 7 L.Ed. 2d 103 (1961), an FELA case. We are unable to perceive any relevant difference in policy on this issue between the FELA and either the Jones Act or appellee's action for unseaworthiness which would dictate a different result here. Accord, Spinks v. United States Lines Co., 223 F.Supp. 371 (S.D.N.Y. 1963). The decision in *Still* was predicated on the dominant congressional policy of compensating injured workers, overriding the alleged fraud in forming the employment relationship. The same overriding policy is present here.

Judgment affirmed.

MOORE, Circuit Judge (dissenting).

I respectfully dissent from the determination of my brothers that there was no reversible error of law in the failure

---

**3.** It is not clear whether appellant also attacks the recovery for unseaworthiness on this theory.

to grant a new trial on the ground that the verdict was against the weight of the evidence. In doing so, I wish to launch no attack on the principle stated by the majority that once a trial judge has determined that a verdict is not against the weight of the evidence, his determination cannot be set aside when denial of a new trial is reviewed on appeal from the final judgment. Cf. Portman v. American Home Products Corp., 201 F.2d 847, 848 (2d Cir. 1953) (*grant* of a new trial held not reviewable). But here Judge Mansfield quite clearly made the determination that there was "overwhelming evidence [which] would militate against the plaintiff's claim."

Although on appeal we should defer to a trial judge's evaluation of the weight of the evidence, we need not defer to conclusions of law based on such a determination. The view taken below of a trial judge's role in passing on a post-verdict motion was articulated to be that:

> "We may not disturb the jury's verdict unless there was no substantial evidence to support it."

This statement of the law is quite correct if "disturbing the jury's verdict" means entering judgment notwithstanding the verdict. It is not correct if it means ordering a new trial. As stated in Professor Wright's treatise on Federal Courts:

> "It has long been understood that if the trial judge is not satisfied with the verdict of a jury, he has the right —and indeed the duty—to set aside the verdict and order a new trial." *Id.* at 420 (2d ed. 1970).

Once the trial judge has made the determination that the weight of the evidence is "overwhelmingly" against the verdict, he has the duty to exercise his discretion in view of the overall setting of the trial. 6A Moore, Federal Practice ¶ 59.08[5] at 3819 (2d ed. 1966). The appellate court should be able to insist that a legal formulation be utilized in the exercise of this discretion which recognizes the distinction between the power to *grant* a new trial when the evidence is

merely such that "the trial judge would have reached a different verdict" and the power to grant a new trial when the verdict is "overwhelmingly against the weight of the evidence."

Courts always seem to encounter semantic difficulty in articulating verbal standards for evaluating the weight of the evidence in post-verdict motions. I have little confidence that this dissent, when applied to another set of circumstances, would enlighten the dark corners of the problem. Nevertheless, on the facts of this particular case, I am left with the firm conviction that there has been a miscarriage of justice. Recognizing the strict limitations on review of the denial of a motion for a new trial, 6A Moore, Federal Practice ¶ 59.08[5] at 3816 (2d ed. 1966), yet believing the role of a trial judge should be more than to serve as a conduit between the jury and the clerk's office for entry of judgment, I would remand to the trial judge so that he may rule again on the motion for a new trial in light of his own evaluation of the evidence and this court's discussion of the extent of his discretion.