Henry C. **FORTENBERRY**, Father of Gary C. Fortenberry, Deceased, Plaintiff-Appellant,

v.

**NEW YORK LIFE INSURANCE COMPANY**, Defendant-Appellee.

No. 71-1318.

United States Court of Appeals, Sixth Circuit.

May 1, 1972.

Peter L. Niles, Knoxville, Tenn., for plaintiff-appellant.

John A. McReynolds, Jr., Knoxville, Tenn., for defendant-appellee; McAfee Lee, Knoxville, Tenn., on brief; Key & Lee, Knoxville, Tenn., of counsel.

Before CELEBREZZE, PECK and MILLER, Circuit Judges.

PER CURIAM.

Anticipating his marriage which occurred a month later, plaintiff's decedent Gary C. Fortenberry took out a whole life insurance policy with the defendant insurance company. His fiancee was named therein as beneficiary, and as his widow she some six months later filed a death claim under the policy. Pursuant thereto she was paid the face amount ($32,679.00), plus a further like amount under the double indemnity provisions, since decedent's death in an automobile collision was accidental. Thereafter the plaintiff, decedent's father, filed the complaint in the present action alleging that prior to his death Gary Fortenberry had "ordered [defendant's agent Hal Newman] on at least two occasions to change the beneficiary", and that by reason of the "fraud and misrepresentation" in connection with decedent's request further alleged that the defendant "is now estopped to deny that said beneficiary change was made." In its answer, the defendant quoted the change of beneficiary provision of the contract of insurance, which was in standard form and provided for such change to be "by written notice in form satisfactory to the Company", and further providing, "No such change will take effect unless recorded in the records of the Company. . . ."

Upon the issues joined, the case went to trial before a jury, which returned a verdict in favor of the plaintiff. For reasons which hereinafter appear, following the entry of judgment on the verdict the trial judge denied defendant's motion for a judgment notwithstanding the verdict but granted the alternative motion for a new trial. At such new trial, the jury returned a verdict in favor of the defendant, and plaintiff-appellant perfected this appeal from that judgment.

The issue on appeal is whether there was an abuse of discretion on the part of the District Judge in the granting of the new trial, and a resolution of that issue first requires an examination of the circumstances surrounding the returning of the verdict. At that time, the trial judge entered into an extended colloquy with the members of the jury. While in its brief the appellee rather blandly refers to this extended interrogation as a "polling" of the jury, we do not so view it. A jury is polled to determine whether the announced verdict is in fact the verdict of each of the jurors, and may be accomplished by a questioning of them individually, or, as here, by ascertaining the fact of unanimous concurrence by a general question. Once that fact has been determined, the "polling" is at an end. In the present case, that point had been reached when, after having been asked whether the announced verdict was "your verdict, . . . [a]ll members of the jury indicated in the affirmative." However, as previously indicated, the interrogation, which cannot be condoned beyond this point, continued at considerable length, and it can only be concluded that in the course thereof the jury impeached its own ver-

dict. This is contrary to "Lord Mansfield's Rule", expressed in Vaise v. Delaval, 1 Term Rep. 11 (K.B. 1785), and decisions which have followed. See, for example, Jorgensen v. York Ice Machinery Corp., 160 F.2d 432 (2d Cir. 1947). The questioning in the present case elicited answers which at the very least cast doubt on the agreement of several jurors with the verdict, but it did not establish such "misconduct" as to provide an exception to Lord Mansfield's Rule.

The granting of the alternative motion for a new trial was accomplished in an oral opinion rendered from the bench by the District Judge, which was subsequently reduced to writing and filed as an order. Therein the trial judge expressed doubt "as to whether there is any evidence in the record to sustain the verdict of the jury," but being "of the opinion that [the Court] should resolve the doubt in favor of the plaintiff" overruled the motion for judgment notwithstanding the verdict of the jury (which, however, was in the oral opinion referred to as a motion for a directed verdict). In the oral opinion it was subsequently stated:

> "The Court is not satisfied with the verdict; that is to say, it is not satisfied that the evidence supports the verdict. Upon an examination of each of the jurors concerning their reason in reaching a verdict, it was evident that a number of the jurors were not convinced that the evidence supported plaintiff's theory.

> "It is, therefore, ORDERED that the defendant's motion for a new trial be, and the same hereby is, granted."

With reference to this language, it is first observed that appellant inferentially argues that the two sentences expressing the Court's opinion are inseparable and that the granting of the motion for a new trial must therefore necessarily be deemed to have been based on the result of the examination of the jurors. We do not agree. The mere fact that the two sentences appear in the same paragraph does not require that interpretation (especially since the paragraphing

was presumably determined by the court reporter).

The trial judge first stated, "The Court is not satisfied with the verdict; that is to say, it is not satisfied that the evidence supports the verdict." That is clearly a determination by the trial judge himself, arrived at independently from that of the jury. In this context, whether or not a trial judge is "satisfied" with a verdict is dependent upon whether factors are present which under Rule 59(a) place it within the discretionary power of the judge to vacate the verdict and grant a new trial. This Court has repeatedly recognized such discretionary power. Felton v. Spiro, 78 F. 576 (6th Cir. 1897); Cross v. Thompson, 298 F.2d 186 (6th Cir. 1962); Mooney v. Henderson Portion Pack Co., 339 F.2d 64 (6th Cir. 1964); Cutter v. Cincinnati Union Terminal Co., 361 F.2d 637 (6th Cir. 1966); Hopkins v. Coen, 431 F.2d 1055 (6th Cir. 1970). Properly read the second sentence merely demonstrates that some of the jurors were also "not convinced that the evidence supported plaintiff's theory." Thus it seems clear that this sentence was added as an extra string to the trial judge's bow. The Court's independent conclusion as expressed in the first sentence was simply an extension of the conclusion he had earlier stated to the effect that there was not "any evidence in the record to sustain the verdict of the jury." We hold that it was on this basis that the new trial was granted, and that such action constituted a permissible exercise of discretion. This conclusion makes a consideration of the contentions regarding the so-called Allen charge to the jury unnecessary.

Affirmed.

WILLIAM E. MILLER, Circuit Judge (dissenting).

I regret that I am unable to join in the majority's disposition of this case. It is clear to me that the majority is in error in stating in substance that the new trial was granted by the district judge because he found in effect that

there was no evidence in the record to sustain the verdict of the jury. At most, he expressed the view that he was "not satisfied that the evidence supports the verdict."

Earlier in his remarks from the bench he merely made the statement that he had "some doubt as to whether there is any evidence in the record to sustain the verdict of the jury."

It is my understanding of the law that a district judge has no power to set aside a jury verdict merely because he is not satisfied with it, nor because he has some doubt whether the evidence supports it. He must find that the verdict is contrary to the weight of the evidence, which the district judge in this case manifestly did not do, or he must find that a new trial is necessary to avoid a miscarriage of justice. A federal trial judge is not a thirteenth juror, as a state trial judge is in Tennessee. It is generally not within his province to determine questions of credibility of the witnesses or to weigh the evidence.

This Court in a comparatively recent case, Duncan v. Duncan, 377 F.2d 49 (1967), reversed a district judge's order setting aside a verdict and granting a new trial in a personal injury diversity action in Tennessee, even though the district judge made a specific finding that the jury verdict in favor of the defendant was contrary to the "weight of the evidence." In reaching this result the appellate court itself reviewed the evidence, made a finding that the evidence in favor of the plaintiff against the defendant was not "strong" at the first trial, and then proceeded to vacate the order of the district judge granting a new trial and to remand the action with instructions for reinstatement of the original verdict rendered in favor of the defendant. This ruling spells out clearly that this Circuit is committed to a strict rule in reviewing the action of a trial judge in setting aside jury verdicts where questions of the sufficiency of the evidence are concerned. The rationale of this approach is to protect the litigant's right to a trial by jury.

In the present case the majority holds that the district judge did not abuse his discretion in granting a new trial even though no mention whatever is made of the evidence introduced on behalf of the plaintiff. Nor is the *Duncan* case even so much as referred to. In light of *Duncan*, I am totally unable to see how the Court could conclude that there was no abuse of discretion without considering the evidence itself to determine whether a jury question was presented. Doubtless the district judge was of the opinion that there was at least some evidence to go to the jury, otherwise it would have been his duty to grant the defendant's motion for judgment n. o. v. rather than to grant a new trial.

Following the principle enunciated in *Duncan* and looking to the evidence on behalf of the plaintiff at the first trial, it is clear to me that there was substantial evidence which required the court to submit the case to the jury. It is true that the evidence was in sharp conflict, but since the plaintiff's evidence was substantial, this factor is irrelevant.[1] It is peculiarly within the jury's province to resolve evidentiary conflicts and to decide upon the credibility of witnesses. I think the Court today in holding that there was no abuse of discretion without basing its decision upon a lack of evidence or upon some fatal weakness in the evidence on behalf of the plaintiff clearly departs from the teaching of *Duncan* and deprives the plaintiff of a verdict to which he was rightfully entitled. I would, therefore, vacate the judgment for defendant and remand the action for

1. One cannot read the testimony of the witnesses examined by the plaintiff, Hal Newman, Paul H. Fortenberry, John D. Faulkner, Theodore L. Tillson, Theodore H. Fortenberry, Robert L. Bane and Mrs. Henry Fortenberry, without finding substantial and material evidence supporting the plaintiff's case. The testimony of the five witnesses offered in behalf of the defendant merely developed conflicting factual issues, which should have been left to the jury to resolve.

reinstatement of the original verdict and judgment.

I do agree with the comments in the majority's opinion concerning the impermissible practice of interrogating the members of the jury to ascertain their reasons for reaching their verdict. However, in this case since the Court in its formal ruling granting a new trial, made specific reference to this interrogation, pointing out that "it was evident that a number of the jurors were not convinced that the evidence supported plaintiff's theory," I think we must conclude that at least in part the conclusion of the district judge to set the jury's verdict aside was based upon the responses which he improperly received from the jurors.