**Juan ZAVALA and Kolyba Corp., a Delaware Corporation, Plaintiffs,**

v.

**CITICORP SERVICES, INCORPORATED, a New York Corporation, and First National City Bank, a National Bank, Defendants.**

No. 73 Civ. 3960.

United States District Court, S. D. New York.

Dec. 22, 1976.

---

7.  *Mobil Oil Corporation v. Kelley*, D.C., 426 F.Supp. 230, entered December 22, 1976.

Shea, Gould, Climenko, Kramer & Casey, New York City, for plaintiffs; Milton S. Gould, Richard F. Czaja, New York City, of counsel.

Shearman & Sterling, New York City, for defendants; Henry Harfield, Charles A. Beach, New York City, of counsel.

BONSAL, District Judge.

Plaintiffs Juan Zavala and Kolyba Corporation commenced this action against defendants Citicorp Services, Incorporated ("CSI") and First National City Bank ("Citibank") seeking damages alleging that the defendants caused Banque National de Paris ("BNP") to breach its contract with Zavala under which BNP would sell to Zavala $30,000,000 of First National City Bank travelers checks over a period of three years at a favorable rate. The case was tired to a jury and, following a five-day trial, the jury returned the following special verdict:

## SPECIAL VERDICT

1. Was there a contract between BNP and the plaintiff Juan Zavala entered into on or about July 1971 in Paris under which BNP agreed to sell to Zavala $30,000,000.00 of traveler's checks of the First National City Bank over a period of three years at a reduced rate of 0.225% of the face value of the checks purchased by Zavala?

Yes    No

    [If your answer is "No", your verdict will be for the defendants. If your answer is "Yes", please answer Question 2]

2. Did the defendants Citicorp Services, Incorporated and First National City Bank, knowing of the contract between Zavala and BNP, knowingly cause BNP to terminate the contract with plaintiff Zavala on September 19, 1972?

Yes    No

    [If your answer is "No", your verdict will be for the defendants. If your answer is "Yes", please answer Question 3]

3. Did plaintiffs Zavala and Kolyba Corporation
   sustain damages by reason of the termination
   of Zavala's contract with BNP?  If so, state
   the amount below.

$ *700,000*

*Judi Washington*
Forelady

---

Defendants now move pursuant to Federal Rules of Civil Procedure 50(b) to set aside the verdict and for entry of judgment in favor of the defendants notwithstanding the verdict or, if the foregoing is denied, for an order pursuant to Rule 50(b) and Rule 59 granting a new trial upon the grounds that the verdict is against the weight of the evidence.

Plaintiffs have cross-moved for an order correcting two alleged errors in the trial transcript. Plaintiffs' motion is granted to the extent of correcting page 125 line 7–8 to state the amount as "one hundred fifty to one hundred eighty thousand dollars."

■ In a motion for judgment notwithstanding the verdict, the Court must determine "whether the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable men could have reached." *Simblest v. Maynard*, 427 F.2d 1, 4 (2d Cir.1970); *see, e.g., Brady v. Southern Railway Company*, 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239 (1943); *O'Connor v. Pennsylvania Railroad Company*, 308 F.2d 911 (2d Cir.1962); *see also* 5A Moore's Federal Practice ¶ 50.07[2] at 2356 (2d ed. 1975). Where there is conflicting evidence or insufficient evidence to make a one-way verdict proper, judgment n.o.v.

should not be awarded. 5A Moore's *supra* at 2356.

■ Moreover, where the majority of the evidence is circumstantial, the inferences to be drawn are properly left to the jury and the Court is not free to reweigh the evidence and "set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Berner v. British Commonwealth Pacific Airlines, Ltd.*, 346 F.2d 532, 536 (2d Cir.1965), *cert. denied*, 382 U.S. 963, 86 S.Ct. 559, 15 L.Ed.2d 472 (1966), *citing Tennant v. Peoria & Pekin Union Ry.*, 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520 (1944); *see also Lavender v. Kurn*, 327 U.S. 645, 653, 66 S.Ct. 740, 90 L.Ed. 916 (1946); *Lebrecht v. Bethlehem Steel Corp.*, 402 F.2d 585 (2d Cir.1968). It is also insufficient to allege that the jury's verdict involved speculation and conjecture. When facts are in dispute or the evidence is such that fair-minded men may draw different inferences, "a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference. Only when there is a complete absence of probative facts to support the conclusion reached does a reversi-

ble error appear." *Lavender v. Kurn, supra* at 653, 66 S.Ct. at 744.

■ Here, the issues disputed are the defendants' knowledge of the oral contract between Zavala and BNP and the defendants' knowing interference with that contract. On the basis of the evidence introduced at trial and under the applicable French law on contracts as charged to the jury, the jury could reasonably conclude that the defendants knew of the oral contract between Zavala and BNP and knowingly interfered with it so as to cause BNP to terminate it on September 19, 1972.

With respect to the third question answered by the jury, the defendants contend that there is insufficient evidence from which the jury could conclude that plaintiffs sustained damages in the amount of $700,000.

The jury was charged that "under Article 1382 of the French Civil Code, if the defendants knowingly and wrongfully . . . brought about a termination of the contract, causing injury to the plaintiffs, the defendants are responsible to the plaintiffs in damages for that injury." In addition, the jury was charged that:

> "in connection with the damages, ladies and gentlemen, it was the duty of the plaintiffs to use reasonable efforts to prevent the damages to them as a result of the termination of the BNP contract. For example, Mr. Zavala had the duty to minimize his damages, if he could, perhaps by buying other travelers checks, even if he paid a higher rate, and by doing what he could to prevent claims being made against him and Kolyba by the people he was doing business with, and you cannot charge the defendants with those damages if you find the plaintiffs failed to mitigate their own damages."

No exceptions to the charge were taken.

■ The evidence at trial was sufficient for the jury to conclude that plaintiffs sustained damages in the amount of $177,-808.25 being the difference between the favorable rate of 0.225% charged to Zavala under the contract with BNP and the usual 1% rate charged for travelers checks multiplied by the $22,943,000 of First National City Bank travelers checks remaining to be purchased under the contract.

■ With respect to the arbitration and settlement claims, however, there was lack of evidence as to the exact time period involved in each claim. The only evidence was Zavala's testimony that the claims arose sometime in the autumn of 1972. (Transcript at 135). As to these claims, defendants can be charged only for those damages directly caused by the termination of the contract on September 19, 1972. Therefore, the Court directs the parties to seek an accommodation on the arbitration and settlement claims determining the time frame of each claim. In the event the parties are unable to reach an accommodation and agree to a remitted amount within 60 days, defendants may move for a new trial on the issue of damages arising from the arbitration and settlement claims and related counsel fees only. Fed.R.Civ.P. 59; *see* 6A Moore's Federal Practice ¶ 59.05[3] (2d ed. 1974).

■ Defendants' claims of prejudice based on exclusion of certain evidence and Mr. Gould's closing arguments are overruled. Any possibility of misstatements by counsel was covered by the Court's charge to which no exceptions were taken. In all other respects, the defendants' motion for a new trial is denied. Fed.R.Civ.P. 50(b), 59; *Compton v. Luckenbach Overseas Corp.*, 425 F.2d 1130 (2d Cir.), *cert. denied*, 400 U.S. 916, 91 S.Ct. 175, 27 L.Ed.2d 155 (1970); *see* 6A Moore's *supra* at ¶ 59.08[5].

Settle Order on Notice.