Robert E. COURTNEY, Plaintiff—
Appellant,

v.

AMERICAN SEAFOODS COMPANY;
American Empress F/T, O.N. # 942347,
her tackle, gear, furniture, apparel
and equipment; Asc Alaska Inc, De-
fendants—Appellees.

No. 01-35420.
D.C. No. CV-98-01559-WTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 2002.

Decided Aug. 21, 2002.

Before HALL, TASHIMA and
RAWLINSON, Circuit Judges.

MEMORANDUM *

Robert Courtney ("Courtney") appeals
the district court's judgment in favor of
Defendant American Seafoods Co. ("Sea-
foods") following a bench trial. The dis-
trict court ruled that due to Courtney's
intentional concealment and fraudulent
misrepresentations of his pre-existing con-
dition and his failure to follow his physi-
cian's instructions and treatment program,
Seafoods was not liable for negligence un-
der the Jones Act (46 U.S.C.App. § 688) or
for unseaworthiness under general mari-
time law. Due to these rulings, the dis-
trict court refrained from making findings
on whether Seafoods was negligent or
Courtney's trawler was unseaworthy.[1]

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
Ninth Circuit Rule 36-3.

1. The district court concluded that Courtney's
trawler was seaworthy but made no findings
to support that legal conclusion which we

could review. *See Alpha Distrib. Co. v. Jack
Daniel Distillery,* 454 F.2d 442, 453 (9th Cir.
1972) (holding Rule 52(a) requires the district
court's findings to "be explicit enough to give
the appellate court a clear understanding of
the basis of the trial court's decision and

We have ruled that fraud bars maintenance and cure "where a seaman conceals a medical condition that he knows or should know is related to the illness or injury for which maintenance and cure are requested." *Omar v. Sea–Land Serv., Inc.,* 813 F.2d 986, 990 (9th Cir.1987). The district court erred when applying that same rule to Jones Act or unseaworthiness claims. We have held that a seaman who suffers injury in the course of his employment "is not barred from suit under the Jones Act because he conceals a material fact in applying for employment."[2] *Id.* at 989 *quoting Gypsum Carrier, Inc. v. Handelsman,* 307 F.2d 525, 530 (9th Cir.1962). This same rule applies equally to claims for unseaworthiness. *Compton v. Luckenbach Overseas Corp.,* 425 F.2d 1130, 1133 (2nd Cir.1970).

The district court also erred in barring Courtney's claims due to Courtney's failure to mitigate his damages by not following his physician's instructions and treatment program. Under the Jones Act and general maritime law, the harsh common law doctrines of contributory negligence and assumption of the risk have been replaced by one of comparative fault or negligence which operates to reduce the amount of the damage award. *Simeonoff v. Hiner,* 249 F.3d 883, 892–93 (9th Cir. 2001); *Kopczynski v. The Jacqueline,* 742 F.2d 555, 558 (9th Cir.1984). To bar recovery based on a seaman's failure to mitigate damages before he is injured would inappropriately re-institute the bar to recovery that the abolished doctrines of contributory negligence and assumption of the risk formerly may have provided. *See Jenkins v. Union Pac. R.R. Co.,* 22 F.3d

206, 210–211 (9th Cir.1994) (indicating that defenses which have been supplanted by a system of comparative fault may not be recast under a different label so as to produce a bar to recovery).

Because Courtney's claims are not barred, the district court must determine whether Seafoods was negligent and, if so, whether Seafoods' negligence, however slight, caused Courtney's injury. *See Ribitzki v. Canmar Reading & Bates, Ltd.,* 111 F.3d 658, 662 (9th Cir.1997). The district court must also determine whether Courtney's trawler was unseaworthy and, if so, whether that unseaworthiness caused Courtney's injury. *See id.* at 664–66, 111 F.3d 658. The district court must make such determinations without considering whether Courtney's misrepresentations or failure to follow his doctor's instructions also contributed to his injuries. If, after such an evaluation, the district court concludes, based on adequate findings, that Seafoods is not liable for negligence and unseaworthiness, the inquiry ends. If Courtney establishes that Seafoods is liable for negligence or unseaworthiness, the district court may then consider whether Seafoods' liability should be comparatively diminished due to Courtney's conduct.

In light of the district court's failure to provide the appropriate analysis and make adequate findings, we remand this case to afford the district court an opportunity to do so. Courtney shall recover his costs on appeal.

VACATED and REMANDED.

---

enable it to determine the grounds on which the trial court reached its decision.").

**2.** The only exception is when the employee has once been denied employment because of his health, but later secures the employment

after reapplying by fraudulently concealing or misrepresenting the very facts the employer originally relied upon to deny employment. *See Gypsum Carrier, Inc. v. Handelsman,* 307 F.2d 525, 529–30 (9th Cir.1962).